CALDWELL v. ATLANTIC COAST LINE R. R.

1. EXCEPTION TO ADMISSION OF EVIDENCE will not be considered where no ground of objection to the evidence is stated, or record does not show that Judge ruled on objection.

2. OBJECTION TO LEADING QUESTION—APPEAL—DISCRETION.—Whether a question is leading relates to the conduct of the case, and refusal to rule it out on that ground is not appealable, unless abuse of discretion is shown.

3. PRICE OF TICKET ELEMENT OF DAMAGE.—Price paid for a ticket is an element of damages in action for failure of railroad company to stop its train at a station and take on a passenger.

4. CHARGE ON FACTS.—Judge did not instruct jury that defendant had failed to keep its contract, or by indirection what actual damages had been proved, but left all questions of fact to jury.

5. DAMAGES FOR WILFULNESS.—INSTRUCTION that jury should make the punishment fit the crime, construed in connection with whole charge, merely instructed jury, in case they found there was wilfulness, they should give such damages as would punish defendant.

Before ———, J., Colleton, January Term, 1906.

Action by C. C. Caldwell against Atlantic Coast Line R. R. Co. From judgment for plaintiff, defendant appeals.

*Messrs. W. Huger FitzSimmons, Mordecai & Gadsden,* and *Rutledge & Hagood,* for appellant. *Messrs. Mordecai & Gadsden* cite: *Charge on facts:* 47 S. C., 488; 49 S. C., 550; 18 S. C., 113; 66 S. C., 18; 47 S. C., 358.

*Messrs. J. M. Walker* and *J. G. Padgett,* contra, cite: *Trains should stop at stations:* Code, 1902, 2134.

August 16, 1906. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action for damages, alleged to have been sustained by the plaintiff, through the negligence and wilfulness of the defendant, in not causing its train of cars for passengers, to stop at a regular station on its road. The complaint alleges that the defendant sold the plaintiff a ticket from Caldwell to Charleston; that Caldwell is a regular station for receiving passengers; that although the servants of the defendant in charge of the train which was advertised to stop at the time the plaintiff desired to become a passenger saw and answered the signal of the agent at the station, they nevertheless negligently and wilfully ran the train past the station without stopping.

The jury rendered a verdict in favor of the plaintiff for $500, and the defendant appealed.

The first exception is as follows: "Because the presiding Judge erred in admitting the following testimony, over the objection of defendant's counsel: A. Griffith, plaintiff's witness, being on the stand, was asked: 'Q. Was there any effort made on the part of the agent there to stop the train? A. I heard Mr. Caldwell say to Jesse— Objected to. A. Mr. Caldwell told Jesse to flag that train, and Jesse made a movement with his handkerchief to stop it; told him to stop it as it was running so fast.' The

error being that such testimony was not competent. The witness could not say what Caldwell said to him." This exception cannot be sustained, because the ground of objection to the testimony was not stated, nor does the record disclose the fact that his Honor, the presiding Judge, ruled upon the objection.

The second exception is as follows: "Because the presiding Judge erred in admitting the following testimony, over the objection of defendant's attorneys: Jesse Caldwell, being on the stand, was asked this question: 'Q. Did it ever run by there before that way? Objected to as leading. The Court: That question is not objectionable.' The error assigned here being that this was a leading question and suggested the answer to the witness, and also that it was irrelevant to any issue in this case." It will be observed, that the only objection related to the form of the question, to wit: on the ground that it was leading. The form in which a question shall be propounded relates to the conduct of the case, which must necessarily be left in great measure to the sound discretion of the presiding Judge, and is not appealable unless there is an abuse of discretion, which does not appear in this case.

The third exception is as follows: "Because the presiding Judge charged the jury as follows: 'If he purchased a ticket from the railroad company and made a contract with them to transport him on that day and the company failed to do it, a part of his actual damage would be the price he paid for the ticket.' The error assigned being that this was a statement to the jury, that the plaintiff had suffered actual damage, of which the price of the ticket was a part; whereas, it is exclusively for the jury to say whether plaintiff had suffered actual damage or not, and of what it consisted, or there being no testimony of any other actual damage, the cost of the ticket should not be regarded as a part of actual damage." When the portion of the charge set out in the exception is considered in connection with the entire charge, it will be seen that it simply meant that the

jury might consider the price of the ticket, as an element of damages in case the plaintiff was entitled to a recovery. It was, therefore, not subject to the objection specified in the exception.

The fourth exception is as follows: "Because the presiding Judge erred in charging the jury as follows: 'In other words, gentlemen, if you should find from the testimony, the greater weight of the evidence, that he did buy the ticket and that the railroad company failed to stop its train, then it was optional with him to decline to use the ticket and to demand the payment of his money, *because* the railroad had failed to keep its contract with him—it had breached the contract, and he would have a right to demand back the consideration for the ticket that he had paid.' · The error assigned being that this was a charge on the facts, in that the Judge states as a conclusion that the defendant had failed to keep its contract—it had breached the contract." The quotation from the charge cannot properly be considered, without referring to the entire charge, by which it will be seen that his Honor, the presiding Judge, was careful to leave all questions of fact to the jury.

The fifth exception is as follows: "Because the Judge charged the jury as follows: 'He cannot hold the railroad company responsible for that, but he can hold the railroad responsible for all damages that flowed naturally from its breach, and as a direct consequence of its breach of duty to him, such as the items I have mentioned; and I have only mentioned those to indicate what class of items would enter in it; there may be others of a similar class, like items that enter into actual damages that flow as a natural consequence of the breach of the duty on the railroad's part, and that ought to have been anticipated by any reasonable man operating a railroad.' The error being that this was a charge on the facts, stating to the jury by indirection what actual damages had been proved, and indicating that other actual damages might be found by the jury, when there was no

proof of such actual damages." This exception is disposed of, by what was said in considering the fourth exception.

The sixth exception is as follows: "Because the Judge charged the jury as follows: 'In other words, gentlemen, you must make the punishment fit the crime.' The error assigned being that such language was calculated to encourage the jury to find a verdict for punitive damages, and a suggestion to them that the case was a serious one, requiring punishment, thus indicating the opinion of the Court on the whole case." When this portion of the charge is considered in connection with the charge in its entirety, it will be seen that the presiding Judge merely instructed the jury that in case they found there was wilfulness, they should give such damages as would punish the defendant, for its disregard of the plaintiff's rights.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.