### FELDER v. SOUTHERN RY.

HIGHWAYS—BRIDGES—RAILROADS.—There is no statute in this State making it the duty of railroad corporations to keep in repair bridges on the public highways on their rights of way but not on their road beds.

Before WATTS, J., Bamberg, Winter Term, 1906. Reversed.

Action by Thomas Felder against Southern Ry. From judgment for plaintiff, defendant appeals.

*Mr. Robert Aldrich,* for appellant, cites: 118 U. S.. 413; 31 S. C., 397.

*Mr. Jno. R. Bellinger,* contra, cites.

April 18, 1907. The opinion of the Court was delivered by

MR. JUSTICE WOODS.  A mule which plaintiff was riding stepped into a hole in a defective bridge on the right of way of the defendant railroad company, and from the resulting fall, plaintiff received personal injuries on account of which he recovered judgment against the defendant.  The public road ran across the roadbed of the railroad, the bridge being on the right of way, but about twenty feet from the roadbed.  There are a number of exceptions to the charge, but they all turn on the question, whether the Circuit Judge was right in instructing the jury the railroad company was responsible for keeping in repair all bridges on its right of way forming part of public roads in existence at the time the road was built.  The plaintiff rests his contention that this duty is imposed on railroads by the statute law as found in sections 1378, 2144, 2141, 2149, 2183, of the Civil Code.

Section 1378 applies by its terms to the roadbed of the railroad and not to its entire right of way.  It provides: "It shall be the further duty of such overseer to cause each railroad company to construct and keep in good repair the roadbed of *all public roads across the roadbed of said railroad company;* and if any railroad company, being duly warned by the overseer of the proper district, by leaving a written notice with any station agent, or by informing any station agent of said railroad company personally, shall neglect or refuse to construct or repair such roadbed to the acceptance of the overseer, shall forfeit etc."  The bridge here alleged to be out of repair being on the right of way, but not on the railroad, this section has no application; except that on the principle that the expression of one is the exclusion of the other, there is a strong implication against an intention to impose on the railroad company the duty to keep in repair the portion of the public road within its right of way, but not on the roadbed.

Sections 2140 and 2141 are as follows: "The county supervisors of the respective counties in this State shall hereafter, at least once in every year, examine all of the railroad crossings of the public highways in this State outside of the

corporate limits of cities, towns, and villages; and if they find that any of the said crossings, within the right of way of any railroad company, are unsafe as to the lives of persons, or as to the protection of property, they shall forthwith give written notice thereof to any officer or agent of the railroad within said county."

Section 2141: "Said county supervisors, in said notices, shall point out the location of the crossings considered by them unsafe, and shall indicate how and in what manner such crossings shall be constructed so as to secure safety; and shall have power to require such construction to be made within sixty days."

These sections are found in the chapter which treats of accidents from running of trains, and it appears evident from the language of the sections themselves, and from the provisions which follow them, that they refer to the precautions to be taken to avoid injury from running trains across public roads, and have no reference to the repair of bridges on the public road which happens to be on the railroad's right of way.

It is quite clear that section 2183 requiring a railroad corporation to "so guard or protect its rails by plank, timber, or otherwise as to secure a safe and easy passage across its road," has no application to a bridge quite apart from the rails.

Section 2149 provides: "Every railroad corporation shall, at its own expense construct, and afterwards maintain and keep in repair, all bridges, with their approaches or abutments, which it is authorized or required to construct over or under any turnpike road, canal, highway, or other way; and any city or town may recover of the railroad corporation whose road crosses a highway or town way therein, all damages, charges and expenses incurred by such city or town by reason of the neglect or refusal of the corporation to erect or keep in repair all structures required or necessary at such crossing; but if, after the laying out and making of a railroad, the county commissioners have authorized a

turnpike, highway, or other way, to be laid out across the railroad, all expenses of and incident to constructing and maintaining the turnpike or way at such crossing shall be borne by the turnpike corporation, or the county, city or town or other owner of the same." This section would justify a charge to the jury that it is the duty of a railroad company to keep in repair any bridge which it had built for its own purposes in the construction or maintenance of its railroad, or has been required to build under legal authority. But it affords no warrant for holding the railroad company responsible for the condition of every bridge that may be found on the public roads of the state within the limits of railroad rights of way. So far as we can discern, there is no statutory authority for treating bridges on the right of way of a railroad, but not on the roadbed, and not constructed by the railroad or required by it for its purposes, on any different footing than bridges to be found on other portions of the public highway running over the lands of a private owner.

It is the judgment of this Court that the judgment of the Circuit Court be reversed and the cause remanded for a new trial.