6689

### THOMPSON v. SEABOARD AIR LINE RAILWAY.

1. ISSUES—HIGHWAYS—BRIDGES—NEGLIGENCE—RAILROADS.—There being some evidence here that a bridge on a highway at a railroad crossing, on its right of way, was defective in that it was too short for the turn in the highway, the issue of negligent construction was properly submitted to the jury.

2. IBID.—IBID.—IBID.—PROXIMATE CAUSE.—Whether the injury to a team held on a railroad track by a defective bridge, by a passing train was caused by the defect in the bridge as the proximate cause is for the jury.
   *Brown* v. *Ry.*, 57 S. C., 434, *overruled.*
   *Felder* v. *Ry.*, 76 S. C., 554, *distinguished from this.*

3. APPEAL—RAILROADS—BRIDGES.—Question of liability of a railroad for not keeping in repair a bridge across a highway on its right of way, cannot be raised for first time in this Court.

4. CHARGE—REQUEST.—It is not error to refuse a request where the principle requested is covered in the general charge.

Before PRINCE J., Lexington, January term, 1907. Affirmed.

Action by J. M. Thompson against Seaboard Air Line Ry. From judgment for plaintiff, defendant appeals.

*Messrs. Lyles & McMahan* and *Efird & Dreher,* for appellant, cite: *If there was no negligence in running the*

*train, defendant was not liable, as defect in bridge did not cause the injury: 57 S. C., 433.*

*Messrs. G. T. Graham* and *Nelson & Nelson,* contra. Oral argument.

October 17, 1907. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. The plaintiff, J. M. Thompson, a citizen of Lexington County, owned, in March, 1905, a pair of mules, wagon and harness. On the 9th of March he hired them to his brother to do some hauling, who about 9 o'clock that night was traveling along the Two Notch road, a public highway in Richland County, at a point where the highway crosses the track of the defendant, about nine miles from Columbia. In attempting to cross a bridge at the crossing the front wheel of the wagon missed the end of the bridge and went into the ditch, thus stopping the mules. The vestibule train of the defendant, known as the Florida Limited, due about that time at Weddell, a small station a few hundred yards from the crossing, struck the mules and killed them and injured the harness and wagon considerably. The plaintiff brought suit alleging negligence on the part of the defendant in failing to keep the brige in proper repair, and wilfulness and wantoness in running its train at an excessive rate of speed and in failing to stop in time to prevent injury to plaintiff's property. The answer of the defendant was a general denial. The case came on for hearing at the January, 1907, term of Court for Lexington County and resulted in a verdict of four hundred and fifty dollars for the plaintiff. The defendant appeals.

The first exception alleges error on the part of the Circuit Judge in refusing to charge that there was no evidence tending to show that the plaintiff's property was injured by reason of the alleged improper construction of the bridge in question. That there was at least some evidence tending to show that the bridge was not

25—78

properly constructed we think is quite clear. It was shown that the road ran right down beside the railroad track and at this bridge made a sharp turn to cross the railroad, thus making a long bridge necessary. Again, there was evidence that the bridge had been reported to the county supervisor as unsafe. True, the bridge had been in like condition for some years, but that fact would not raise a conclusive presumption that it was properly constructed. What is proper construction under all of the circumstances is a question which must be left to the jury.

There being some evidence of negligent construction of the bridge, the question then arises as to whether this negligent construction was the cause of the accident. The plaintiff alleges that the driver of the wagon exercised due care in attempting to cross. The evidence of the defendant certainly did not so clearly negative due care as to enable the Court to say as a matter of law that there was a failure of such care. This question was likewise properly left to the jury. We are aware that this conclusion is adverse to the doctrine laid down in *Brown v. Railway,* 57 S. C., 434, 35 S. E., 735, but after mature consideration it seems that the holding in that case was wrong in principle and should be overruled. It is not our purpose, however, to consider the question at length, for it is ably set forth in the dissenting opinion of Mr. Justice Jones in the case above referred to. Suffice it to say here that the question of proximate cause is one peculiarly within the province of the jury. Therefore where a plaintiff alleges negligent construction or repair of a bridge on a railroad's right of way and injury resulting from such negligence, the trial Judge is invading the province of the jury when he attempts to say that some other agency brought about the injury.

The case of *Felder* v. *Ry.,* 76 S. C., 554, has no application to the case in question, for the reason that there was evidence tending to show that the bridge at the crossing here extended clear across the track. Even

if it did apply to railroad's liability for the proper construction of the bridge, not having been contested below that question cannot be raised for the first time in this Court.

Again, error is alleged in refusing the following charge: "If you find from the evidence that the driver of the wagon in question was negligent in missing the end of the bridge with his wheel; if you find that he did so drive it, and that such negligence on his part was the proximate cause of the injury, then you must find for the defendant." Examination of the record fails to disclose the ground on which the refusal was made, but be that as it may, language almost identical with the alleged rejected charge was used to the jury in the general charge. Thus the instruction was: "If it was the plaintiff's servant's negligence which was the proximate cause of the injury, the railroad is not responsible; if the driver—if you should find that there was a driver in charge of that team, and if that team was injured through the negligence of the driver as the proximate cause, why then the defendant would not be responsible if the negligence of the driver was the sole proximate cause of the injury." Where a request to charge is fully covered by the general charge, it is not error on the part of the Circuit Court to refuse such a request. The object of requests is to secure a full presentation to the jury of the law applicable to the case. When this result is secured independent of such requests it is not error to refuse to reiterate the same law. We think the charge in this case was full and clear, covering thoroughly the law applicable. Therefore all objections are overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.

Mr. Justice Gary *concurs in the result and does not think the case of Brown v. Railway, 57 S. C., 433, should be overruled.*

Mr. Justice Woods *concurs in the result.*