7701

TANT v. SOUTHERN RY.

1. NONSUIT—VERDICT—PUNITIVE DAMAGES.—Whether the issue of puni-
tive damages should have been submitted to the jury cannot be
considered in absence of motion for nonsuit or to direct a verdict.

2. CARRIER—PASSENGER—IBID.—If an agent of a railroad company make
a contract with a passenger to carry him to a certain point for a
particular sum and another servant of the company consciously
refuse to carry out the contract and extort more money from the
passenger and expel him from the train, he may recover punitive
damages.

Before GAGE J. Bamberg Fall Term 1909.    Affirmed.

Action by J. A. Tant against Southern Railway Co. From
judgment for plaintiff, defendant appeals.

*Messrs. Harley* and *Best* for appellant, cite: 62 S. C. 269;
2 Rich. 182; 14 Rich. 253; 29 S. C. 265; 12 Ency. 24; 69
S. C. 444; Thomp. on Neg. 476; 29 S. C. 271; 16 Ency. 1st
Ed. 392; 64 S. C. 507; 60 S. C. 75; 65 S. C. 42; 2 Hilt. 440;
120 N. C. 320; 90 Tex. 275; 16 L. R. A. 347; 15 Minn. 49.

*Messrs. R. C. Hardwick* and *Wyman* and *Henderson*,
contra.    *Messrs. Wyman* and *Henderson* cite: 65 S. C. 521;
69 S. C. 330; 64 S. C. 519; 65 S. C. 438; 3 S. C. 596; 35
S. C. 475; 53 S. C. 210; 64 S. C. 242; 69 S. C. 110; 72 S. C.
442; 35 S. C. 502; 54 S. C. 502; 76 S. C. 198.

October 27, 1910.    The opinion of the Court was deliv-
ered by

MR. CHIEF JUSTICE JONES.    Plaintiff recovered judg-
ment against defendant for $475 in this action for damages,
actual and punitive, for negligent and wilful refusal to trans-
port plaintiff from Fort Motte in Calhoun county to Den-
mark in Bamberg county for the sum of one dollar, in
accordance with an alleged contract between plaintiff and the

ticket agent of defendant at Fort Motte and because of the
alleged wilful conduct of defendant's conductor and collector
in unlawfully coercing money from him and in forcing him
to leave the train at Bamberg, S. C., a station on defendant's
railway line between Fort Motte and Denmark.

The third exception contends that the question of punitive
damages should not have been submitted to the jury, but this
question, not having been first raised on the trial by
motion for nonsuit or to direct a verdict as required
by Rule 77 of the Circuit Court, cannot be considered.
*Fogle* v. *Southern Ry.* 83 S. C. 203.

The first and second exceptions relate to the instructions
given the jury. The Court was requested to charge the
jury:

IV. "If the jury find from the evidence that the servants
of the railroad, in charge of its trains, thought that they had
a right to demand the payment of $0.03 per mile for each
mile over its road traveled by the plaintiff, and as matter of
fact had no such right under the circumstances proven by
the testimony to exist in this case (whatever such circum-
stances were, being a matter to be ascertained by the jury
from the evidence) but did assert such supposed right, and
in so doing acted without knowledge of the plaintiff's rights,
and without any actual wrongful intention or such reckless-
ness or negligence as evinces malice or conscious disregard
of the rights of the plaintiff or others, then the jury should
not, under the circumstances, punish the railroad company
by awarding punitive damages against it."

Instead of charging in the language of the above request
the Court instructed the jury:

"If the ticket agent at Fort Motte, acting within the scope
of his authority, made a contract with Tant to carry him for
a dollar, the railway company was bound to carry him for a
dollar, and if the passenger relied upon that promise and
boarded the train for that purpose, and if the other agents of
the defendant refused to carry him at that contract, whether

they did so in good faith or not, and caused the plaintiff to quit the train before he reached Denmark, then the railroad company is liable in damages to the plaintiff. And if the conductor did so consciously refuse to carry Tant for the price the ticket agent had agreed to carry him for, then the act of those servants may be regarded by the jury as wilful, and you may find such damages as you think right to compensate Tant and punish the railway company. In other words, gentlemen, and in brief, if a principal, to wit, a railway company has many agents, and it acts through one agent and makes a contract another agent cannot consciously set that contract aside and save the responsibility of the principal."

The appellant contends that the instruction as requested should have been given and that the instruction given incorrectly stated the principle of law as to punitive damages, on the ground that the wrong should be done wilfully, deliberately and recklessly by the agents themselves with a present consciousness of invading the plaintiff's rights.

We think the charge as given substantially covered the requested instruction and was not therefore prejudicial. *Marshall* v. *Crawford,* 45 S. C., 215, 22 S. E. 792; *Thompson* v. *Railway,* 78 S. C., 387, 58 S. E. 1094.

Besides the charge was in conformity with the rule as stated in *Myers* v. *Railway,* 64 S. C., 519, 42 S. E. 598, and *Chiles* v. *Southern Railway,* 69 S. C. 327, 48 S. E. 252, in which the Court declared: "If defendant's agent, conscious of plaintiff's rights as passenger, nevertheless invaded that right by exacting and coercing an unlawful payment of money under threat of expulsion from the train, his conduct was wilful or wanton, such as would subject defendant to exemplary damages."

The judgment of the Circuit Court is affirmed.