·11104

BROWN v. SEABOARD AIR LINE RY. CO.

(115 S. E., 638)

1. APPEAL AND ERROR—ORDER FOR NEW TRIAL ON QUESTION OF LAW APPEALABLE.—An order for a new trial granted on a question of law is appealable.

2. CARRIERS—RECEIPT OF EXCESS FARES BY TICKET AGENT MERELY PRIMA FACIE EVIDENCE OF VIOLATION OF STATUTE.—The receipt of

excess fares by a ticket agent is only *prima facie* evidence of a violation of Civ. Code 1912, § 3167, forbidding a carrier to receive excess fares under penalty fixed by Section 3308.

3. Carriers—Statutory Provision, Forbidding Receipt of Excess Fares and Providing a Penalty Therefor, Held not Unreasonable.—Civ. Code 1912, § 3167, forbidding the receiving of excess fare by a carrier under a penalty fixed at not less than $250 by Section 3308, *held* not unreasonable.

Before Whaley, J., Richland, February, 1922.    Affirmed.

Action by I. A. Brown against Seaboard Air Line Railway Co., Judgment for plaintiff, and an order granting a new trial. From this order plaintiff appeals.

*Messrs. Graydon & Graydon,* for appellant, cite: *Order is appealable:*  92 S. C., 361; 93 S. C., 574; 95 S. C., 471; 102 S. C., 1; 108 S. C., 486; 112 S. C., 230.

*Messrs. Lyles & Lyles,* for respondent, cite: *Order is not appealable and Glover v. Heyward,* 108 S. C., 486, *should be overruled:* 92 S. C., 361; 93 S. C., 574; 95 S. C., 571; 97 S. C., 381; 98 S. C., 466; 102 S. C., 1; 106 S. C., 211. *Penalty not intended to be imposed for on honest mistake:* 1 Civ. Code 1912, Secs. 3167, 3308; 73 S. C., 268; 25 S. W., 504; 123 S. W., 778; 152 S. W., 983. *Where statute imposes a fine a section imposing a penalty is inapplicable:* 124 U. S., 558; 111 Fed., 525; Sec. 3308, 1. *Civ. Code will be applied only where no specific penalty provided:* 26 S. C., 353; 33 S. C., 477; *if applied here would amount to taking without due process:* 238 U. S., 482; 251 U. S., 63; 46 L. R. A. (N. S.), 1039; 213 U. S., 366. *Remedy for violation Sec.* 3174 is in Sec. 3206.

June 18, 1923.

The opinion of the Court was delivered by Mr. Justice Fraser.

This action is for the recovery of $1, excess fare received by the defendant for a ticket from Columbia to Olar, S. C., and for the penalty provided by Section 3308, Vol. 1, Code of Laws 1912.

The plaintiff alleges that he handed the ticket agent in Columbia a $5 bill, and received in change two $1 bills and 2 cents in coppers, thereby paying for his fare $2.98, instead of $1.98, the lawful fare. The plaintiff demanded the return of the dollar. This was refused by the defendant, whose agent denied that he had made the charge of $2.98, and if he did not return the $3.02, it was simply a mistake in making change.

The case was tried in the County Court for Richland County, and resulted in a verdict for the plaintiff for $250. The defendant made a motion for a new trial. It was granted on a question of law and hence is appealable.

The trial Judge charged the jury that receiving excessive fare made the defendant liable, whether its agent made the excessive charge willfully or by mistake in making change.. He afterwards held that that charge was error of law, and ordered a new trial. The statutes that cover the law of this case are Sections 3167 and 3308. The first part of Section 3167 forbids the receiving of excess fare, and the penalty for doing the forbidden thing is fixed by Section 3308. It might be well inferred that the liability of the defendant was absolute if it did in fact receive an excessive sum. The latter part of Section 3167 contains this provision:

"And all such discriminating rates, charges, collections or receipts, whether made directly or by means of any rebate, drawback or other shift or evasion, shall be deemed and taken against such person or persons so engaged as aforesaid as *prima facie* evidence of the unjust discrimination prohibited by the provisions of this article."

It is very clear then that the receipt by the agent is only "prima facie" evidence of a violation of the statute. No penalty is provided in Section 3167, so Section 3308 applies. The Statute as passed by the Legislature is not unreasonable. There are hundreds of tickets sold a day. It would make a large sum to add $1 to each ticket. No one man would be justified in suing for the $1, so the law makes an unlawful charge a serious matter. If the railroad company put up a man to sell tickets who did not know the lawful rates or distances between stations, or who willfully overcharged, that is one thing, and a mistake in making change, etc., is quite different. If an excessive amount is taken, then there is a presumption against the railroad company. But it may be overcome by evidence. That is a question for the jury.

The order for a new trial is affirmed.