## 12354

### MEDLIN v. SOUTHERN RAILWAY

#### (141 S. E., 185)

1. CARRIERS—RAILROAD HELD LIABLE FOR DAMAGE RESULTING FROM CONDUCTOR'S ACT IN WILLFULLY OVERCHARGING PASSENGER.—Act of railway conductor in willfully overcharging passenger *held* binding on railroad company, rendering it liable for resulting damage, as against contention that such act was independent act of conductor and outside of scope of authority as matter of law.

2. CARRIERS—RAILROAD PASSENGER MAY RECOVER PUNITIVE DAMAGES FOR WILLFUL ACT OF CONDUCTOR IN OVERCHARGING, INSULTING, AND ABUSING HIM (CIV. CODE 1922, § 5006).—Passenger on railroad is entitled to highest degree of care, and, where there is willful disregard of that right on part of conductor .in willfully overcharging

passenger and insulting and abusing him, passenger may recover punitive damages, notwithstanding Civ. Code 1922, § 5006.

3. CARRIERS—RAILROAD PASSENGER OVERCHARGED, ABUSED, AND INSULTED BY CONDUCTOR MAY RECOVER FOR MENTAL SUFFERING WITHOUT SHOWING ACTS WOULD HAVE CAUSED MENTAL SUFFERING TO PERSON OF ORDINARY PRUDENCE.—Railroad passenger who was willfully overcharged, insulted, and abused by conductor may recover for mental suffering without showing that acts of conductor would have caused mental suffering to person of ordinary reason and prudence.

4. CARRIERS—RAILROAD CONDUCTOR'S ACT IN OVERCHARGING PASSENGER AUTHORIZES PUNITIVE DAMAGES, REGARDLESS OF WHETHER ACCOMPANIED BY SOME OTHER BREACH OF DUTY.—Willful act of railroad conductor in overcharging passenger is sufficient to give rise to cause of action for punitive damages, regardless of whether act is accompanied by some other breach of duty sufficient in itself to justify punitive damages.

Before SEASE, J., Chester, March, 1926.   Affirmed.

Action by E. R. Medlin against the Southern Railway Company.   Judgment for plaintiff, and defendant appeals.

*Messrs. McDonald & McDonald,* and *Frank G. Tompkins,* for appellant, cite: *Transportation charges regulated by Statute:*   Secs. 4955, 4836, Code; 95 S. C., 427.   *Purpose of Interstate Commerce Act would be defeated by allowing recovery of damages for misrepresentation of published rates:*   118 S. C., 121.   *Error to submit question of conductor's authority to jury:*   227 U. S., 639; 242 U. S., 613. *South Carolina case,* 98 S. C., 100, *holding carrier liable for misrepresentation on the part of its agent reversed in 242 U. S., 613; 227 U. S., 639.   Penalty for charging excess fare fixed by Statute:*   Secs. 4841-4843, 5006, 5009, 5012, Code.   *No punitive damages allowable in case at bar:*   45 L. R. A. (N. S.), 612; 145 U. S., 263; 53 S. E., 823; 18 S. C., 38; 67 S. C., 262; 230 U. S., 247; 204 U. S., 435; 67 A. S. R., 758; 53 S. E., 823; 15 Rich. L., 284; 90 S. C., 489; 101 S. C., 532; 94 S. C., 143; 16 S. C. L., 87; 70 S. C., 108; 71 S. C., 1; 5 C. J., 1399; 95 S. C., 432; 204 U. S., 426; 67 A. S. R., 757; 122 S. C., 333.   *Cases distinguished:*

101 S. C., 532; 87 S. C., 184; 64 S. C., 519; 69 S. C., 329; 29 S. C., 265.

*Messrs. Hemphill & Hemphill,* for respondent, cite: *Liability of principal for tortious acts of agent:* 115 S. E., 900; 93 S. E., 714. *Remedy for overcharge:* 49 S. C., 265. *May recover punitive damages for wilful overcharge:* 13 S. E., 517; 3 S. C., 597; 28 S. C., 263; 29 S. C., 286; 10 C. J., 1093, 1281; 101 S. C., 532; 87 S. C., 184; 115 S. E., 638. *Whether servant of carrier used language described, and whether same was abusive held for jury:* 87 S. C., 1008.

January 12, 1928.

The opinion of the Court was delivered by MR. CHIEF JUSTICE WATTS.

This action was commenced in the Court of Common Pleas for Chester County by the service of a summons and complaint October 3, 1924, and upon the pleadings came on for trial at the November, 1925, term of Common Pleas Court for Chester County, before Judge C. C. Featherstone and a jury, resulting in a verdict for plaintiff in the sum of $500. On defendant's motion, Judge Featherstone on December 17, 1925, passed an order setting aside the verdict and granting a new trial. The cause was next tried before Judge T. S. Sease and a jury at the March, 1926, term of Common Pleas Court for Chester County, and resulted in a verdict for plaintiff in the sum of $750. Defendant made motion for a new trial, which motion was overruled by Judge Sease. Thereafter judgment was duly entered, from which defendant in due time served notice of appeal.

The exceptions are 4 in number, and appellant's attorneys present the following propositions:

"(1) The rate of fare for transportation of passengers being fixed by Statute of the State of South Carolina, the act of a railway conductor in willfully overcharg-

ing passenger is the independent act of the conductor, outside of the scope of his authority as a matter of law, and not binding upon the railroad company.

"(2) At common law, no recovery of punitive damages can be had against a railway company for charging an excess fare, for the act of conductor in willfully overcharging the passenger, but only the actual damages, and the recovery of punitive damages is limited by the provisions of Section 5006 of the Civil Code.

"(3) A plaintiff cannot recover for mental suffering caused by a willful act of the defendant, unless it appears that such act would have caused mental suffering to a person of ordinary reason and prudence.

"(4) The willful act of the railroad conductor in overcharging a passenger is insufficient to give rise to a cause of action for punitive damages, unless such act is accompanied by some other breach of duty sufficient in itself to justify punitive damages."

All the exceptions must be overruled. The evidence shows that the plaintiff asked the conductor what the fare was to Chester and was correctly informed what it was. Plaintiff alleges that he gave the conductor a $20 bill to pay the fare; that the conductor failed to return him the change; that he was entitled to the sum of $13.04. The conductor was acting in the scope of his agency in demanding the correct fare, and when the plaintiff gave the twenty dollar bill the conductor should have returned the plaintiff the change he was entitled to. Plaintiff intrusted the conductor with the twenty dollar bill and testifies that the conductor appropriated thirteen dollars and four cents of the plaintiff's money to his own use, and when he asked for it was insulted and abused, and the conductor willfully and wantonly retained the same and appropriated it to his own use.

We fail to see any error in the charge of his Honor as complained of on the issues as made by the pleadings and the evidence in the case.

The conductor was acting in the scope of his agency, and if his acts were wanton and willful the principal, the railway company, would be liable. *Globe v. American Ry. Express Co.,* 124 S. C., 19; 115 S. E., 900.

As is succinctly stated in the syllabus in *Lipman v. A. C. L. R. Co.,* 108 S. C., 151; 93 S. E., 714; L. R. A., 1918A, 596:

"A carrier of passengers is liable for the torts of the agents selected by him to perform the contract of carriage when they are committed in the performance of their duty, and the tortious conduct of a conductor need not be participated in, authorized, or ratified by the railroad to render the latter liable."

The passenger was entitled to the highest degree of care, and if there was a willful disregard of this right on the part of the conductor the jury could give exemplary damages. *Avinger v. S. C. Ry. Co.,* 29 S. C., 265; 7. S. E., 493; 13 Am. St. Rep., 716.

In *Duckett v. Pool,* 34 S. C., 324; 13 S. E., 547, Chief Justice McIver says:

"In an action of tort, where the testimony satisfies the jury that the defendant acted maliciously, willfully, or in wanton disregard of the rights of the plaintiff, the jury may, in addition to such damages as will compensate the plaintiff for any loss or injury which he may have sustained * * * in person, property, or feelings award other damages, called indifferently exemplary, vindictive, or punitive, by way of punishment to the defendant" (citing *Palmer v. Ry. Co.,* 3 S. C., 597; *Hall v. Ry. Co.,* 28 S. C., 263; 5 S. E., 623; *Quinn v. Ry. Co.,* 29 S. C., 381; 7 S. E., 614; 1 L. R. A., 682).

In 10 Corpus Juris, § 1093, the rule covering overcharges by carriers at common law is clearly stated as follows :

"If the agent of the carrier exact a larger amount by way of fare than the carrier is entitled to, the passenger may recover back the excess charged with interest. * * * Where the overcharge is willful or wanton, exemplary damages may be recovered" (citing *Osteen v. So. Ry.* 101 S. C., 532; 86 S. E., 30, L. R. A., 1916-A, 565, Ann. Cas., 1917-C, 505; *Tant v. So. Ry.*, 87 S. C., 184; 69 S. E., 158).

The same principle is recognized in *Brown v. S. A. L. Railway Co.*, 122 S. C., 333; 115 S. E., 638, when the Court says :

"If the railroad company put up a man to sell tickets, * * * who willfully overcharged, that is one thing, and a mistake in making change, etc., is quite different. If an excessive amount is taken, then there is a presumption against the railroad company [that it violated the Statutes against discrimination]." *Tant v. Southern Ry.*, 87 S. C., 184; 69 S. E., 158.

10 Corpus Juris, § 1281, is as follows :

"Where the breach of duty as to transporting the passenger or delivering him at his destination, within a reasonable time is attended with circumstances of willfulness, gross negligence, insult or indignity, exemplary or punitive damages may be recovered" (citing *Woodward v. Southern Ry.*, 99 S. C., 251; 83 S. E., 591; L. R. A., 1915-C, 477; *Talbert v. Charleston Ry.*, 97 S. C., 465; 81 S. E., 182; *Schockley v. Southern Ry.*, 93 S. C., 533; 77 S. E., 221; *Caldwell v. A. C. L.*, 75 S. C., 74; 55 S. E., 131; *Pickens v. South Carolina & G. R. Co.*, 64 S. C., 498; 32 S. E., 567; *Gillman v. Florida Ry.*, 53 S. C., 210; 31 S. E., 224; *Samuels v. Richmond Ry.*, 35 S. C., 493; 14 S. E., 943; 28 Am. St. Rep., 883).

In the case of *Osteen v. Southern Ry. Co.,* 101 S. C., 532; 86 S. E., 30 L. R. A., 1916-A, 565, Ann. Cas., 1917-C, 505, the Court says:

"The ticket collector not only demanded fare for the corpse· that he had no right to do, which showed that he was careless and incompetent, not only in this, but that he did not know what the fare was from Greenville to Gaffney, but demanded 70 cents in excess of the legal rate, which he virtually extorted from plaintiff  *  *  *  and made him uncomfortable, and no doubt vexed and annoyed him,"
—and held that the plaintiff was entitled to recover not only actual but punitive damages, as is succinctly stated in the syllabus as follows:

"Held, that the brother-in-law had sufficient legal rights to justify a recovery of actual and punitive dmages caused by the wrongful act of the ticket collector."

The rule is well settled in this State that a carrier of passengers is liable for mental suffering inflicted upon a passenger by the conductor, who willfully used insulting language to the passengers, even in the absence of physical injury. *Lipman v. Atlantic Coast Line Ry. Co.,* 108 S. C., 151; 93 S. E., 714 L. R. A., 1918-A, 596.

In *Cave v. S. A. L. Ry.,* 94 S. C., 282; 77 S. E., 1018, L. R. A., 1915-B, 915, Ann. Cas., 1915-A, 1065, Mr. Justice Hydrick speaking for the Court held:

"The Courts have not defined, and it would be unwise to attempt to define accurately, the kind of language which must be used by a conductor to a passenger before liability will be imposed upon the carrier. Ordinarily, too much depends upon the circumstance, the relations of the parties, the tone and manner in which a thing is said, for any exact definition or rule to be laid down. But there can be no doubt that where a conductor uses language to a passenger which is calculated to insult, humiliate, or wound the feelings of a person of ordinary feelings and sensibilities, and it

is intended to have that effect, the carrier is liable, for the contract of carriage impliedly stipulates for decent, courteous, and respectfully treatment at the hands of the carrier's servants."

In *Adams v. Southern Ry.*, 103 S. C., 327; 87 S. E., 1008 L. R. A., 1916-D, 1183, the Court held:

"Whether the servants of a carrier, in expelling a passenger from a train, used language described, and whether it was abusive, held for the jury."

All exceptions are overruled and judgment affirmed.

Messrs. Justices Cothran, Blease, Stabler and Carter concur.