## SHAW v. GREAT ATLANTIC & PACIFIC TEA CO. et al.

### No. 4680.

Circuit Court of Appeals, Fourth Circuit.

Nov. 18, 1940.

L. D. Jennings, of Sumter, S. C., for appellant.

R. D. Epps, of Sumter, S. C. (Epps & Epps and Geo. D. Levy, all of Sumter, S. C., on the brief), for appellees.

Before SOPER and DOBIE, Circuit Judges, and CHESNUT, District Judge.

PER CURIAM.

The action of the District Court in directing a verdict for the defendants in this case was amply justified by the facts. The plaintiff charged the Great Atlantic and Pacific Tea Company and one of its employees ·with fraud and deceit, in that on divers occasions, when she was purchasing goods from a store of the corporation in Sumter, South Carolina, the defendants gave her a sales slip on which the total purchases were purposely overstated, whereby she was deceived and led to pay more than she owed. The proof shows that at the outside, the plaintiff was defrauded of the sum of six dollars, that is to say, two dollars in December, 1937, and one dollar each on four subsequent occasions in June, 1938. These amounts may be contrasted with the extraordinary claim on the part of the plaintiff that she be reimbursed in the sum of $25,000, basing her claim in this respect on the doctrine of the South Carolina courts that in cases of either contract or tort, punitive damages may be allowed if there is evidence of fraud or of wanton disregard of the rights of the injured party. Medlin v. Southern Ry. Co., 143 S.C. 91, 141 S.E. 185, 56 A.L.R. 767; Williams v. Commercial Casualty Ins. Co., 159 S.C. 301, 156 S.E. 871.

But in the pending case the plaintiff failed to present any substantial evidence that she had suffered any loss by reason of the deceit or fraud of the defendants. She testified that on each of the four occasions last above mentioned, the employee charged her one dollar more than the sum total of her purchases; and this testimony, although denied by the employee, must be accepted as true. Nevertheless, she suffered no loss by deceit or fraud, as charged in the complaint, because at the time she was suspicious of the employee and made no effort to ascertain the correctness of the bill at ·the time that she paid it; but, on the contrary, willingly paid the sum charged for the purpose of securing evidence on which to base a suit for fraud against the defendants. It is well settled in South Carolina and elsewhere that a plaintiff may not recover on the charge of fraud and deceit unless it is

shown that he was deceived by false representations, and relied upon them to his hurt. It follows that while the plaintiff might have recovered the sums due and owing her in a proper suit, she was not entitled to recover the loss suffered on these occasions in an action for fraud and deceit.

The only other incident upon which the plaintiff relies took place in December, 1937, when, according to her testimony, the sales slip showed an aggregate of two dollars in excess of the listed items. The plaintiff at the time was conducting a boarding house or nursing home for which the supplies were bought, and when she returned to her home, the discrepancy was called to her attention; but she thought so little of it that she did not mention it to the defendants or ask for a refund, although she continued to deal at the store. Evidently she had reason to believe that no mistake had been made; and it may be that the discrepancy was brought about by a practice, which she followed from time to time, to include in the check given by her in payment for the goods a dollar or two more than the bill, so that she might have cash to spend for other purposes. Under the circumstances, the occurrence presented no such substantial evidence of fraud and deceit as to justify the submission of the issue to the jury.

The judgment of the District Court will be affirmed.