CREST BUILDERS, INC., Plaintiff-Appellee, *v.* WILLOW FALLS IMPROVEMENT ASSOCIATION, Defendant-Appellant.

Second District   No. 79-120

Opinion filed August 8, 1979.

James R. Hannon, of Ernst, Gallagher and Hannon, of Oak Brook, for appellant.

John C. Voorn, of DeBruyn, Lockie, Voorn and Taylor, Ltd., of Palos Heights, for appellee.

Mr. JUSTICE LINDBERG delivered the opinion of the court:

Defendant Willow Falls Improvement Association ("Association") appeals from an order granting the request of plaintiff Crest Builders ("Crest") for a temporary injunction restraining the Association and denying the Association's request for an injunction restraining Crest.

Crest is the developer of the Willow Falls Planned Unit Development consisting of six-flat apartment buildings ("units") in Westmont, Illinois. A declaration of covenants and restrictions ("Declaration") serves as the governing document for the development. The governing body for the development is the defendant Association whose members are the owners of the units. The Association has a Board of Directors ("Board") which was controlled by Crest until the autumn of 1978 when pursuant to the Declaration, Crest turned over control to a board of owners.

The owner-elected Board immediately began an effort to amend the Declaration. Pursuant to notice, on December 15, 1978, the Board called a special meeting of Association members which approved amendments to the Declaration which had the effect of terminating Crest's rights to post advertising signs on the property and to maintain a model apartment for sales and rental purposes, and of prohibiting Crest from occupying any units for business or promotional purposes. These rights to advertise and promote the units which were formerly assigned to Crest were now given exclusively to the Association. Crest, however, was given a limited right of ingress and egress to complete construction of the development.[1]

---

[1] The original declaration provided:

"2. No signs, posters, or advertisements of any kind or description shall be erected, maintained or displayed on any of the Existing Property or any part thereof, visible to public view. The provisions hereof shall not apply to the Developer.

o o o

4. The Developer, during the time it shall continue to be the owner of lots in the subdivision, may use a lot or lots for the purpose of building thereon a model apartment or apartments for the purpose of exhibiting the same to the public and shall be entitled to invite public inspection of said model or model apartments.

o o o

19. USE DURING CONSTRUCTION AND SALE PERIOD—During the period of construction of the Buildings in the Subdivision by the Developer, the Developer, contractors, and subcontractors, and their respective agents and employees, shall be entitled to access ingress and egress to said Buildings as may be required in connection with said construction. During the period in which sales of Units by the Developer are in progress, the Developer may occupy or grant permission to any person or entity to occupy, with or

On December 22, 1978, Crest filed its complaint for an injunction to prohibit the Association from recording and implementing the amendments. On January 9, 1979, the Association recorded the amendments at the county recorder's Office. The Association filed a complaint for a declaratory judgment and an injunction against Crest's continued promotional activities in violation of the amended Declaration. After an evidentiary hearing the trial court entered an order dated March 2, 1979, granting Crest's request for a temporary injunction against implementation of the amendments and denying the Association's motion for a temporary injunction. The order excused Crest from filing a bond "for a good cause shown." It is from this March 2 order that the Association brings this interlocutory appeal.

■■ The major issue on appeal is whether the temporary injunction was wrongfully issued. The requirements for the issuance of a preliminary injunction are well settled. For such an injunction to issue, the plaintiff must establish: (1) that he possesses a certain and clearly ascertained right which needs protection; (2) that he will suffer irreparable injury without the protection of an injunction; (3) that there is no adequate remedy at law for his injuries; and (4) that he is likely to be successful on the merits. *Bromberg v. Whitler* (1977), 57 Ill. App. 3d 152, 155, 372 N.E.2d 837, 840.

Here the enjoined amendments are potentially injurious to Crest. Crest would no longer be able to freely advertise and show its remaining units. The record shows that Crest has maintained a vigorous on-site sales program that would be seriously curtailed by the amendments.

The key questions are whether Crest has a protectable interest and whether it has shown a likelihood of success on the merits. Crest argues that its rights under the original Declaration are "vested." However it cites

---

without rental, one or more Units for business or promotional purposes, including all business activities of Developer regardless of any connection with the herein described real estate, including clerical activities, sales offices, model Units for display and the like and may maintain customary signs in connection therewith; provided that the activities in the Units so occupied do not interfere with the quiet enjoyment of any other Owner or Occupant." These provisions were amended to provide:

"2. No signs, posters, or advertisements of any kind or description shall be erected, maintained or displayed on any of the existing property or any part thereof, visible to the public view. The provisions hereof shall not apply to the Association.

◦ ◦ ◦

4. The Association may use a lot or lots for the purpose of maintaining thereon a model apartment or apartments for the purpose of exhibiting the same to the public, and shall be entitled to invite public inspection of said model or model apartments.

◦ ◦ ◦

19. USE DURING CONSTRUCTION AND SALE PERIOD—During the period of construction of the buildings in the Subdivision by the Developer, the Developer, contractors, subcontractors, and their respective agents and employees, shall be entitled to access, ingress and egress to said buildings as may be required in connection with said construction."

no case which holds that a developer's sales rights are vested. Our search of the case law has failed to disclose any cases similar to the present controversy despite the fact that the modification of covenants has been a frequent topic of litigation. (See Annot., 4 A.L.R. 3d 570 (1965).) In the absence of cases on point, we must turn to the language of the original Declaration itself.

Article XV of the Declaration provides that after notice is given the Declaration can be amended on approval by 75% of the Board and by owners who have not less than 75% of the votes as elsewhere defined. There is no other stated limitation on amendability and there is no provision that only certain items are subject to amendment.

The Association argues that it followed all procedures set forth in the Declaration for a valid amendment. It further argues that if Crest, which drafted the original Declaration, wanted to insure continuation of its rights it could have reserved, until all units were sold, a sufficient minority interest to prevent amendments against its interests. We agree.

The rule is well established that "an instrument is to be construed most strongly against its author." (*Cedar Park Cemetery Association v. Village of Calumet Park* (1947), 398 Ill. 324, 333, 75 N.E.2d 874.) The record indicates the Declaration was drafted by Crest. In drafting the Declaration, Crest could have specifically precluded amendments to the provisions in question or it could have retained a veto power. *Cf. Lehmann v. Revell* (1933), 354 Ill. 262, 188 N.E. 531.

■■ We find that the Association followed all necessary procedures and validly amended the Declaration on December 15, 1978. Thus we find that Crest did not have any vested interest in the Declaration as originally written and in the absence of a protectable right the temporary injunction below was improperly granted.

For the foregoing reasons this cause is reversed and remanded with directions to vacate the order granting the temporary injunction.

Reversed and remanded.

SEIDENFELD and RECHENMACHER, JJ., concur.