## 1562

PREFERRED SAVINGS BANK, INC., Respondent v. Abdo and Margaret ELKHOLY, Appellants.

(399 S.E. (2d) 19)

Court of Appeals

*Desa A. Ballard* of *Ness, Motley, Loadholt, Richardson & Poole,* Barnwell, and *Edward T. Kelaher of Kelaher, Haar, Bass & Connell,* Surfside Beach, *for appellants.*

*Linda Weeks Gwin* of *Thompson, Henry, Gwin, Brittain & Stevens,* Conway, *for respondent.*

Heard Sept. 19, 1990.

Decided Oct. 29, 1990.

SHAW, Judge:

Respondent Preferred Savings Bank, Inc., instituted this action against appellants Abdo and Margaret Elkholy seeking recovery of $124,000 in earnest money for the breach of twenty real estate contracts. The Elkholys counterclaimed alleging breach of contract, breach of contract accompanied by a fraudulent act, fraud, and unfair trade practices. The Elkholys moved to transfer the case to the jury roster, which was denied. The case was referred by consent to the Master-in-Equity, who directed a verdict for Preferred on each of the Elkholys' counterclaims except the action for breach of contract. From an order of the master awarding judgment for Preferred in the amount of $124,000 and dismissing the Elkholys' counterclaim for breach of contract, the Elkholys appeal. We affirm.

The Elkholys and Preferred entered into contracts whereby the Elkholys agreed to purchase from Preferred twenty condominium units in a project known as Royal Garden Resort. The contracts called for a deposit of $6,200 on each unit, for a total of $124,000, to be held in escrow.

The contracts provided as follows:

Purchaser may apply to Seller or an affiliated company of Seller or Purchaser may apply to any mortage lender for

this loan. Loan application shall be made and all supporting information furnished no later than ten (10) days from the date of this Purchase Agreement and failure to comply shall constitute grounds for default on the part of Purchaser at Seller's option. . . . Should Purchaser hinder the loan application process or fail to close within fourteen (14) days after obtaining a loan committment, the Purchaser's deposit money shown in item 1(a) shall be subject to default provisions in item 7.

Item 7 of the contracts provided:

If the Purchaser shall default in the terms and conditions contained herein, Seller may retain all amounts paid hereunder as liquidated damages or pursue any other remedies available at law or in equity. . . .

Subject to the Elkholys being able to qualify, Preferred agreed to furnish financing on the twenty condominium units. After a hearing on the matter, the master found the Elkholys breached that portion of the contracts which provided the purchasers would be subject to the default provision of item 7 if the purchaser hindered the loan application process or failed to close within fourteen days of receiving a loan commitment. He thus found Preferred was entitled to retain the $124,000 in earnest money.

The Elkholys first contend the trial court erred in denying their motion for a jury trial. The record indicates the Elkholys' initial answer and counterclaim did not contain a demand for a jury trial. Following a motion to dismiss the Elkholys' fourth defense and counterclaim based on unfair trade practices, the court found the Elkholys failed to allege any public harm and allowed amendment of their answer and counterclaim to include the same. The Elkholys then included a demand for a jury trial in their amended answer and counterclaim. The trial court found the demand untimely and denied the motion. The case was later referred to the master by consent of the parties.

We first note that the record before us contains no notice of intent to appeal such that this court can determine that the Elkholys have appealed from the order of the trial court denying their motion for a jury trial. Fur-

ther, the Elkholys apparently failed to immediately appeal from the order denying their motion for a jury trial and the order of reference. Because these orders affected the mode of trial, the Elkholys were required to appeal immediately. The orders became the law of the case as a result of the Elkholys' failure to immediately appeal. *Creed v. Stokes*, 285 S.C. 542, 331 S.E. (2d) 351 (1985).

The Elkholys next contend the master erred in finding they had been notified their loan had been approved.

We disagree. In an action at law referred to a master for final judgment, the court must examine the record to determine if there is any evidence which reasonably supports the master's findings. *Townes Associates Ltd. v. City of Greenville*, 266 S.C. 81, 221 S.E. (2d) 773 (1976), *May v. Hopkinson*, 289 S.C. 549, 347 S.E. (2d) 508 (Ct. App. 1986). The master, as the trier of facts, is the best judge of the credibility of the witnesses. *Halbersberg v. Berry*, 394 S.E. (2d) 7 (Ct. App. 1990). The master's finding that the Elkholys received verbal notification of their loan approval is supported by the testimony of both William Judy, senior vice-president of Preferred, and Nick Dzendel, the real estate broker handling this matter.

Finally, the Elkholys argue the master erred in awarding Preferred $124,000 as liquidated damages as Preferred's complaint failed to assert items of special damages and the amount awarded was actually a penalty. The master found the Elkholys' breach had caused Preferred to incur damages of over $161,000 including $15,099.71 for completion of punch list items reflected on the purchase agreements, $2,420 for the appraisal of the twenty units, $39,758 in regime fees paid by Preferred incurred since the time of breach, $22,620 paid for a special assessment by the homeowners association and $81,633 in lost interest. The Elkholys do not dispute these figures. Rather, they assert that each of these items is an item of special damages and, relying on *Sheek v. Lee*, 289 S.C. 327, 345 S.E. (2d) 496 (1986), Preferred is not entitled to recover them since it did not specifically identify them and plead them in its complaint. While *Sheek* does indicate special damages must be specially pled in order to be recovered, *Sheek* was decided before the adoption of the South Carolina Rules of Civil Procedure. Rule 54(c)

S.C.R.C.P. provides, in pertinent part:

> . . . every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings.

The record before us contains more than ample evidence that Preferred was damaged to the extent of at least $124,000 as a result of the Elkholys' breach. We therefore find no error on the part of the master in determining the damages and further hold the amount awarded was not in reality a penalty.

Affirmed.

BELL and CURETON, JJ., concur.