23880

Robert FOGGIE, Respondent-Appellant v.
CSX TRANSPORTATION, INC., Appellant-Respondent.

(431 S.E. (2d) 587)

Supreme Court

18

*William P. Simpson* and *James E. Lady* of *Haynsworth, Marion, McKay & Guerard,* Columbia; and *Thomas F. Babb,* of *Babb & Babb,* Laurens, *for appellant-respondent.*

*Jack H. Tedards* of *Leatherwood, Walker, Todd & Mann;* and *Henry S. Sullivan* of *Ashmore, Rabon & Sullivan,* Greenville, *for respondent-appellant.*

Heard June 3, 1993; Decided June 21, 1993.

Reh. Den. July 13, 1993.

FINNEY, Justice:

Appellant-Respondent CSX Transportation, Inc. (CSX) appeals the trial court's denial of its motion to amend its answer; the jury's award of actual and punitive damages to Respondent-Appellant Robert Foggie (Foggie); and confirmation of the punitive damage award by the trial court. Foggie appeals from the order of the trial court requiring him to elect recovery under either his cause of action based upon obstruction of way or for violation of the UTPA. We affirm in part, dismiss in part, and reverse in part.

Charleston Southern Railroad, CSX's predecessor, constructed a portion of its railway on a 200-foot strip of land purchased from H. L. Kennedy, Sr., in 1956. The railroad traversed Kennedy's 103-acre tract of land, dividing it into two parcels of approximately fifty acres each. A railroad crossing was installed to permit ingress and egress between the two Kennedy parcels. The land was transferred to H. L. Kennedy, Jr., in 1976, and he continued to use it primarily for agriculture.

During the course of maintenance in 1989, the crossing was removed and not reinstalled due to CSX's concern about crossing accidents. On November 5, 1990, H. L. Kennedy, Jr. instituted this action against CSX, demanding a jury trial on allegations of willful obstruction of way and violation of the Unfair Trade Practices Act (UTPA). The complaint sought

nominal, actual, and punitive damages; trebling of actual damages; attorneys' fees; costs; and a declaratory judgment ordering CSX to restore and maintain the crossing. While the action was pending, Foggie acquired the land and was substituted as plaintiff.

CSX's answer dated January 18, 1991, *inter alia,* asserted fee simple ownership and admitted that a crossing was constructed over the way and used by the landowner until 1989. Thereafter, CSX's counsel located in his files documents which allegedly indicated that the crossing was not preexisted by a road when the initial tracks were laid. On August 16, 1991, CSX moved to withdraw its admission and deny the existence of a way at the time of the conveyance to the railroad. On August 24, 1991, CSX moved for summary judgment, asserting that no road was in existence prior to construction of the rail line.

After a hearing on August 26, 1991, the court refused to permit amendment of CSX's answer. The trial judge held that Foggie would be prejudiced by the continuing deprivation of the use of his property during the delay resulting from withdrawal of the admission, and that the amendment was not required by justice. The trial court denied CSX's motion for summary judgment, holding that the one piece of circumstantial evidence presented was not determinative of the issue in controversy.

At the trial on August 28, 1991, evidence presented by Foggie included testimony that he intended to establish a mobile home park on the rear portion of the property behind the railroad and construct single-family dwellings on the front portion. No evidence was presented by CSX. The trial court submitted the causes of action based upon obstructing a private way and violation of the UTPA to the jury and, *sua sponte,* reserved to its equity jurisdiction the issue of declaratory judgment.

The jury found for Foggie against CSX on the first and second causes of action for violation of Section 58-17-1330, obstructing a private way, awarded $66,250 actual damages, and $75,000 punitive damages; and returned a verdict of $25,000 actual damages on the third cause of action for violation of the UTPA, with a specific finding of willfulness on the part of

CSX. The trial court granted declaratory judgment in favor of Foggie and ordered that CSX reinstall the railroad crossing.

CSX moved to limit actual damages to the minimum established by Section 58-17-3980, and to require Foggie to elect between his causes of action based upon obstructing the way and violation of the UTPA. The trial court ordered Foggie to elect and, preserving his objection, Foggie elected recovery for violation of the statute prohibiting obstructing a private way. Foggie moved for an additur and trebling of actual damages in addition to punitive damages, contending the jury split the damages between the two causes of action and that he was entitled to the total of all actual damages awarded.

On September 26, 1991, the court denied CSX's motion to limit damages, denied Foggie's motion for additur, trebled actual damages, and confirmed the punitive damages award. Asserting that the trial court misstated facts surrounding the case, CSX filed a motion on September 30, 1991, for the court to reconsider its refusal to allow amendment of its answer. On October 7, 1991, CSX moved for a new trial and to amend judgment, based upon the court's denial of the motion to amendment its answer to conform to the evidence, the court's submission of the issue of punitive damages to the jury, and the court's application of Section 58-17-3950 to the case.

On October 10, 1991, the trial court held a hearing on CSX's motion for reconsideration and amendment. Foggie waived the ten-day notice requirement, and the trial court also considered CSX's motion for a new trial and to amend judgment. On November 12, 1991, the court confirmed its earlier denial of CSX's motion to amend its answer, holding that CSX had failed to show that the proposed amendment had substantial merit, had failed to justify its delay in moving to amend, and that CSX was seeking to prevent an adverse judgment through amendment of the pleadings. The court denied the motion for a new trial or to amend judgment based upon its finding that recovery was permitted under both Section 58-17-3950 and Section 58-17-3980.

Both parties appeal. CSX alleges the trial court erred 1) in denying permission to amend its answer; 2) in submitting to the jury the cause of action under Section 58-17-3980, in violation of Section 58-17-3990; 3) in submitting the cause of action based upon violation of the UTPA to the jury; 4) in submitting

the issue of punitive damages under Section 58-17-3950 to the jury; 5) and in awarding punitive and treble actual damages. Foggie asserts the trial judge erred in requiring him to elect between recovery under the railroad statutes or the UTPA.

As to its first issue, CSX asserts that Rule 15, SCRCP, is liberal in permitting amendment of pleadings; that Foggie failed to show the prerequisite prejudice upon which to deny amendment of its answer; and that such denial constituted a gross injustice and abuse of discretion.

The trial court considered affidavits submitted by CSX and plats of other property in Laurens County purchased for the railway. CSX asserted that plats of other property showed a sketch of what was argued to be a private way; that no private way appeared on a plat of Foggie's property; and therefore, none existed in 1956. The record reflects no effort to rescind the admission that the private crossing was constructed by the railway in 1956 and used by the landowner until 1989. Without objection, Foggie submitted an aerial photograph made between 1956 and 1959 and a 1989 plat of his property. The crossing and private way were apparent on the photograph; the private way was not shown on the plat. The trial judge noted that the newly raised evidence had been in the sole possession of CSX and that the trial date was imminent. Based upon the pleadings, evidence, and the state of the record, the trial court concluded that extensive delay would be required to investigate conditions as they existed in 1956, that Foggie would, in effect, be deprived of the use of a substantial portion of his property during the investigation, and that justice did not require the amendment.

Rule 15, SCRCP, provides that a pleading may be amended only by leave of the court or written consent of the adverse party after expiration of thirty days from service, and that leave to amend shall be freely given when justice requires and does not prejudice any other party.

It is well established that a motion to amend is addressed to the sound discretion of the trial judge, and that the party opposing the motion has the burden of establishing prejudice. *See Forrester v. Smith & Steele Builders, Inc.*, 295 S.C. 504, 369 S.E. (2d) 156 (Ct. App. 1988).

In view of the tenuous nature of the assertion sought to be declared, the remaining admissions in CSX's answer, the facts

in evidence, and the circumstances surrounding this case, we do not find an abuse of discretion in denying leave to amend the answer. Hence, we affirm the trial court on this issue.

Next, CSX argues that Foggie's claim under Section 58-17-3980 and award of damages for an alleged breach of Section 58-17-1330 are within the equity jurisdiction of the trial court pursuant to Section 58-17-3990, and not proper for jury consideration absent a waiver of jurisdiction. We disagree.

The trial judge ruled as a matter of law that CSX had violated Section 58-17-1330 by obstructing a way and submitted the issue of damages to the jury. Section 58-17-3980 establishes minimum limits of recovery where no specific penalty is provided for unlawful acts and orders trebling of actual damages. Section 58-17-3990 states that actions brought under Section 58-17-3980 shall be regarded as a subject of equity jurisdiction.

Improper jurisdiction was first asserted on appeal to this Court. However, we deem the issue more properly framed as a question of the mode of trial. *See, Collier v. Green,* 244 S.C. 367, 137 S.E. (2d) 277 (1964); and *Costa and Sons Construction Co., Inc. v. Long,* 306 S.C. 465, 412 S.E. (2d) 450 (Ct. App. 1991). Issues regarding the mode of trial or limitations on relief do not equate to the issue of subject matter jurisdiction. Issues regarding mode of trial must be raised in the trial court at the first opportunity, and the order of the trial judge is immediately appealable. *Pelfrey v. Bank of Greer,* 270 S.C. 691, 244 S.E. (2d) 315 (1978). The failure to timely appeal the interlocutory order of the trial court effects a waiver of appeal rights. *E.g. Edwards v. Timmons,* 297 S.C. 314, 377 S.E. (2d) 97 (1988); *Preferred Sav. Bank, Inc. v. Elkholy,* 303 S.C. 95, 399 S.E. (2d) 19 (Ct. App. 1990). Hence, we dismiss the issue regarding mode of trial as a question not properly before this court.

CSX next alleges the trial court erred in submitting to the jury the cause of action based upon violation of the UTPA, contending no unfair trade practices within the definition of S.C. Code Ann. § 39-5-10, *et seq.* (1976), existed in the facts presented. We agree.

Foggie's theory was that CSX's removal of and consequent refusal to reinstall the crossing on his property constituted a

violation of the UTPA. South Carolina's UTPA prohibits "[u]fair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce. . . ." S.C. Code Ann. § 39-5-20 (1985). Trade or commerce is defined as "the advertising, offering for sale, sale or distribution of any services and any property . . . and any other . . . thing of value . . . ." S.C. Code Ann. § 39-5-10(b) (1985). CSX's acts here are not the "conduct of trade or commerce" within the meaning of the UTPA. Although the trial judge erred in denying CSX's directed verdict motion on the UTPA cause of action and in submitting it to the jury, CSX was not prejudiced since the judge required Foggie to elect his remedy and he elected to recover under the Railroad Statutes.

Finally, CSX argues that a dual award of treble damages under Section 58-17-3980 and punitive damages pursuant to Section 58-17-3950 is prohibited as such would constitute double recovery for the same wrongful act.

Relying upon the holdings in *Medlin v. Southern Ry. Co.,* 143 S.C. 91, 141 S.E. 185 (1928); and *Columbia (S.C.) Teachers Federal Credit Union v. Newsome Chevrolet-Buick,* 303 S.C. 162, 399 S.E. (2d) 444, 447 (Ct. App. 1990); the trial court trebled the jury's award of actual damages to $198,750 and let stand the punitive damage award of $75,000. The trial judge determined that both treble and punitive damages were recoverable under the State's General Railroad Law in that the provisions for both are contained within the same article of the Code of Laws of South Carolina (1976).

The issue before the court in *Medlin v. Southern Ry. Co., supra,* was whether or not the willful act of the railroad conductor in overcharging a passenger the fixed rate for a fare, in and of itself, was sufficient to give rise to a cause of action for punitive damages, independent of other acts or breaches of duty capable of justifying punitive damages. The plaintiff was due change of $13.04 from a twenty-dollar bill he had given the conductor to pay his fare. When the plaintiff asked for his change, the conductor insulted and abused the plaintiff and refused to return the difference over the fare. In the final trial of the case, the jury awarded the plaintiff $750.

The railroad appealed and this Court sustained the verdict, holding that the passenger may recover the excess charged with interest; and that where the overcharge is willful or wan-

ton, exemplary damages may be recovered notwithstanding the statutory limitations. We note that each of numerous railroad cases cited in the sustaining opinion addresses specifically the issue of willful torts against the person with no reference to obstructing a way or any other property torts.

In *Columbia (S.C.) Teachers Fed. Cred. Union v. Newsome, supra,* the master-in-equity initially awarded actual and punitive damages to the Credit Union. The Credit Union moved to amend actual damages by doubling the award pursuant to S.C. Code Ann. § 56-15-110(1). The master concluded that the conduct of Newsome was capable of being either fraudulent under the common law or a violation of the statute. Two separate recoveries being prohibited, the master construed the motion to amend as a motion to elect relief under the statute and doubled the award of actual damages. The master found evidence to support punitive damages under the statute, but reduced the award of punitive damages to $100 since he "consider[ed] doubling the actual damages award to have a punitive effect . . . in itself." The Court of Appeals reversed the master, holding that no legal error occurred in the award of double actual damages and punitive damages inasmuch as both were specifically authorized by Section 56-15-110(1), (3).

We find the foregoing cases distinguishable from the matter under consideration here. Section 58-17-3950 provides for recovery of actual damages and for exemplary damages where a railroad's violation of any rule or regulation is determined to be willful. Section 58-17-3980 authorizes, where no specific penalty is provided, the assessment of actual damages and trebling thereof.

We conclude that Section 58-17-3980 is the statute applicable to Foggie's cause of action for obstruction of way, and that he is limited to recovery thereunder, precluding a separate award of punitive damages. Therefore, we reverse the judgment of the trial court which sustained the award of punitive damages.

For the foregoing reasons, we affirm the trial court's denial of CSX's motion to amend its answer. We dismiss, as being not properly before this Court, the issue challenging the mode of trial for an action under Section 58-17-3980. We reverse the rulings of the trial judge which held that a cause of action ex-

isted under the UTPA, and sustained punitive damages under Section 58-17-3950.

Affirmed in part; dismissed in part; and reversed in part.

HARWELL, C.J., and CHANDLER, TOAL and MOORE, JJ., concur.