THE GATES AT WILLIAMS–BRICE CONDOMINIUM ASSO-
CIATION and Katharine Swinson, individually, and on be-
half of all others similarly situated, Respondents,

v.

DDC CONSTRUCTION, INC.; Kapasi Glass Mart, Inc.; DMC
Consolidated, Inc.; DMC Builders, Co., Inc., individually and
d/b/a The Dinerstein Companies, DC Developers—Columbia
Condos, Inc.; Columbia Condos, LP; DMC Developers I, Ltd.;
31–W Insulation Company, Inc.; Associated Concrete Contrac-
tors, Inc.; Bailey Electric Company, LLC; C&B Utilities, LP;
Carolina Floor Systems, Inc.; Century Fire Protection, LLC;
Cherokee Inc.; Coronado Stucco, LP; Cross Plains Custom Tile,
Inc.; Lowry Construction & Framing Inc.; LTB Construction,
Inc.; Martin Morales Jr. Painting & Drywall, LLC; Metal
Construction Materials, Inc.; Southwest Ironworks, Inc.; The
Clerkley/Watkins Group, LP; Tindall Corporation; Triad Pest
Control, Inc.; Wyman Acoustics LLC; Alenco Holding Corpora-
tion, Alenco Window GA, LLC, New AlencoWindow, Ltd.; AWC
Holding Company; Crosby Window, Inc., f/k/a/ Action WinDoor
Technology, Inc.; Geo–Systems Design & Testing, Inc.; HGE
Consulting, Inc.; Maintenance Builders Supply, Ltd.; SCA En-
gineers, Inc.; Sinclair & Associates, Inc.; Faultless Hardware,
individually and d/b/a Pamex Inc.; T & M Concrete, Inc.;
Loveless Commercial Contracting, Inc.; Economy Waterproof-
ing, Inc.; BMC West Corporation; Highway One Construction,
Inc.; J.I. Windows LLC; Dietrich Industries, Inc., a/k/a Dietrich
Metal Framing, Inc. n/k/a Clarkwestern Dietrich Building Sys-
tems LLC; Best Masonry and its successor in interest, OldCas-
tle APG; Headwaters, Inc. d/b/a Best Masonry; and John Doe
#1–10, Defendants,

Of Whom DDC Construction, Inc. and Columbia
Condos, LP, are the Appellants.

Appellate Case No. 2015–000180
Opinion No. 5438
Court of Appeals of South Carolina.
Heard May 19, 2016
Filed August 31, 2016
Rehearing Denied November 17, 2016

284

Howard A. Van Dine, III, Allen Mattison Bogan, Erik Tison Norton, and Tara C. Sullivan, all of Nelson Mullins Riley & Scarborough, LLP, of Columbia, for Appellants.

Justin O'Toole Lucey and Stephanie D. Drawdy, of Justin O'Toole Lucey, P.A., of Mount Pleasant, for Respondents.

WILLIAMS, J.

This matter comes before this court after the circuit court denied the Dinerstein Defendants' and OCIP Defendants'[1] (collectively "Developer") motion for a nonjury trial and to strike the class action allegations of Katharine Swinson, individually, and on behalf of all others similarly situated, and the Gates at Williams–Brice Condominium Association (collectively "Homeowners"). On appeal, Developer contends the circuit court erred in failing to enforce the written jury trial and class

---

1. The developers for the Gates condominium community include the following companies: DDC Construction, Inc.; DMC Consolidated, Inc.; DMC Builders, Co., Inc.; DC Developers—Columbia Condos, Inc.; Columbia Condos, LP; DMC Developers I, Ltd.; and Highway One Construction, Inc. According to Homeowners, these companies operated under the trade name "Dinerstein Companies." Although these defendants object to this designation, the court references these parties in their developer capacity as "Dinerstein Defendants." The subcontractors covered under the Dinerstein Defendants' owner-controlled insurance policy (OCIP Defendants) include the following: Associated Concrete Contractors, Inc.; Bailey Electric Company, LLC; C&B Utilities, LP; Carolina Floor Systems, Inc.; Century Fire Protection, LLC; Cherokee, Inc.; Coronado Stucco, LP; Cross Plains Custom Tile, Inc.; Lowry Construction & Framing, Inc.; LTB Construction, Inc.; Martin Morales, Jr. Painting & Drywall, LLC; Metal Construction Materials, Inc.; and Wyman Acoustics LLC. Several of these developers and subcontractors settled with Homeowners prior to the filing and during the pendency of this appeal. The remaining defendants on appeal are DDC Construction, Inc. and Columbia Condos, LP. For ease of reference, the court collectively references the nonsettling parties throughout this appeal as "Developer."

action waivers in the master deed (Master Deed) for the Gates at Williams–Brice (the Gates). We reverse.

## I. FACTS/PROCEDURAL HISTORY

At issue in this appeal is whether Homeowners are entitled to proceed as a class in a jury trial against Developer for alleged faulty workmanship that occurred during the construction of 158 condominium units at the Gates in Columbia, South Carolina, in mid–2006. According to Homeowners, the Gates' Property Owners Association (POA) was first notified of construction defects in the condominiums in November 2012 when a maintenance company, Watertight Systems, Inc., refused to bid on an exterior caulking/sealant job due to perceived construction issues. Approximately one month after this discovery, Homeowners filed their initial complaint on December 26, 2012, against DDC Construction, Inc. (DDC) and others, raising negligence, gross negligence, breach of warranty, and strict liability claims.

DDC—the only appellant that was a party to the initial complaint—filed its answer on March 7, 2013. In its answer, DDC "specifically denie[d] any class is proper" and "oppose[d] the certification of a class in this matter." Although DDC did not specifically oppose Homeowners' right to a jury trial, DDC "denie[d] that [Homeowners were] entitled to any of the relief sought in the WHEREFORE clause."[2] DDC generally asserted that "[Homeowners'] claims against it may be barred by the defenses of laches, mistake, release, *waiver*, ratification, estoppel, unclean hands, statute of limitations and/or any other defense that may be available upon discovery of additional information during the pendency of this action." (emphasis added). Without specifically referencing the Master Deed, DDC "reserve[d] its right to amend this Answer to assert further allegations in support of any such defenses as required by the Rules of Civil Procedure."

On May 15, 2013, Homeowners filed an amended complaint to add other developers as well as certain subcontractors who

---

2. Homeowners' complaint caption included a "(Jury Trial Demanded)" notation. Homeowners' request for a jury trial was located in the "WHEREFORE" clause. ("WHEREFORE, Plaintiffs demand a trial by jury and pray actual and consequential damages....").

provided materials or performed work at the Gates, asserting the same causes of action. Shortly after filing the amended complaint, Homeowners amended the Master Deed (Second Amendment)[3] on May 23, 2013, to remove certain provisions—originally included by Developer—that purported to limit the POA and Homeowners' rights. Homeowners removed the warranty provision that eliminated their right to recoup "any and all secondary, incidental or consequential damages caused by any defect or breach...." In addition to the warranty disclaimer, Homeowners voted to remove the provision from section IV in the Master Deed, titled "**ARBITRATION AGREEMENT**," which stated as follows:

> EACH AND EVERY CLAIM AND CAUSE OF ACTION ARISING OUT OF OR RELATED IN ANY WAY TO THE DESIGN, CONSTRUCTION, SALE, MAINTENANCE, HABITABILITY OF, OR CONDITION OF ANY UNIT OR COMMON AREA THAT IS ASSERTED BY (I) ANY PERSON OR ENTITY THAT NOW HAS OR HEREAFTER ACQUIRES ANY INTEREST IN A UNIT, (II) THE GRANTOR OR DEVELOPER, (III) THE UNIT OWNER'S ASSOCIATION (INCLUDING ANY CORPORATION OR OTHER ENTITY FORMED TO SERVE AS UNIT OWNERS' ASSOCIATION, ... OR (V) ANY HEIR, SUCCESSOR, DELEGATEE OR ASSIGNEE OF ANY SUCH PERSON OR ENTITIES, SHALL BE RESOLVED BY FINAL AND BINDING ARBITRATION....

Homeowners also voted to remove Section XXXV in the Master Deed, titled "**Alternative Dispute Resolution**." Specifically, the amendment removed subsection D, titled "**Waiver of Jury Trial**," which was located on the last two pages of the deed and stated as follows:

> BY ACCEPTANCE OF A DEED TO ANY UNIT OR OTHER PROPERTY HEREUNDER CO–OWNER(S) HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY HEREBY AGREE, THAT:

---

**3.** Developer maintained control of the Gates' Horizontal Property Regime (the Regime) and the POA from the condominiums' completion in July 2007 until Developer amended the Master Deed in December 2009 (First Amendment) to relinquish control of the POA to Homeowners.

(i) NEITHER CO–OWNER NOR ANY ASSIGNEE, SUCCESSOR, HEIR, OR LEGAL REPRESENTATIVE OF CO–OWNER OR GRANTOR, SHALL SEEK A JURY TRIAL IN ANY LAWSUIT, PROCEEDING, OR ANY OTHER LITIGATION PROCEDURE ARISING FROM OR BASED UPON THE MATTERS SET FORTH HEREUNDER, OR TO THE DEALINGS OR RELATIONSHIP BETWEEN OR AMONG THE GRANTOR, ITS AGENTS, CONTRACTORS, SUBCONTRACTORS, ARCHITECTS, ENGINEERS AND THE CO–OWNERS OR THE ASSOCIATION, INCLUDING WITHOUT LIMITATION WAIVER OF ANY TYPE OF CLASS ACTION SUIT;

(ii) NEITHER CO–OWNER NOR GRANTOR WILL SEEK TO CONSOLIDATE ANY SUCH ACTION IN WHICH A JURY TRIAL HAS BEEN WAIVED WITH ANY OTHER ACTION IN WHICH A JURY TRIAL HAS NOT BEEN OR CANNOT BE WAIVED;

(iii) NEITHER OWNER NOR GRANTOR HAS IN ANY WAY AGREED WITH OR REPRESENTED TO ANY OTHER PARTY THAT THE PROVISIONS OF THIS SECTION WILL NOT BE FULLY ENFORCED IN ALL INSTANCES; AND

(iv) THE PROVISIONS CONTAINED IN THIS ARTICLE ARE A MATERIAL INDUCEMENT FOR GRANTOR TO MAKE THE DECLARATIONS SET FORTH HEREIN.

Homeowners recorded the amended Master Deed on June 5, 2013.

On July 5, 2013, DDC filed an answer to Homeowners' amended complaint, raising the same defenses as well as stating that "[Homeowners'] claims should be dismissed because of disclaimers and other defenses specifically provided in the Master Deed." One month later, on August 5, 2013, DDC filed an amended answer to Homeowners' amended complaint, again raising the same defenses as well as asserting new defenses pursuant to the South Carolina Notice and Opportunity to Cure Construction Dwelling Defects Act.[4] On August 5 and 15, 2013, the newly added developers and

---

4. S.C. Code. Ann. §§ 40–59–810 through –860 (2011).

subcontractors filed answers to Homeowners' amended complaint in which they also raised the same defenses.[5]

Homeowners filed their second amended complaint on February 19, 2014, naming the last defendant, Highway One Construction, and reasserting the same causes of action as previously pled. In Highway One Construction's initial answer filed on March 21, 2014, it specifically stated Homeowners waived their right to a jury trial and class action. The same day Highway One Construction filed its answer, the remaining defendants responded to the second amended complaint and specifically included language asserting Homeowners had waived their right to a jury trial and their right to bring a class action. Three days later, on March 24, 2014, Developer filed its motion for a nonjury trial and to strike Homeowners' class action allegations and jury trial demand.

The circuit court held a hearing on Developer's motion on June 9, 2014. At the hearing, counsel for Developer acknowledged Homeowners' position regarding the Second Amendment, stating, "[T]he opposition spent some time talking about whether we have the right to challenge the [Second Amendment] or not. At this point[,] we're not challenging the amendment as it might apply prospectively to other people. We're simply challenging it as it applies to our client." After hearing arguments from both parties, the circuit court subsequently issued an order, dated July 18, 2014, in which it denied Developer's motion. In so doing, the court held Developer (1) failed to challenge the mode of trial at the first opportunity prior to submitting an answer; (2) improperly sought enforcement of the class action and jury trial waivers that were no longer provisions within the Master Deed; (3) failed to timely challenge the Second Amendment to the Master Deed; (4) could not challenge Homeowners' right to amend the Master Deed; (5) waived enforcement of the Master Deed's arbitration provisions, which included the waivers for a jury trial and class action, by failing to timely request arbitration; and (6) was precluded from enforcing "unconscionable arbitration and

---

5. On August 8, 2013, former defendant Kapasi Glass Mart, Inc. filed a motion to dismiss Homeowners' class action claims, which the circuit court denied. Kapasi subsequently settled with Homeowners.

alternative dispute resolution provisions" that contained "oppressive, one-sided terms."

Developer filed a motion to alter or amend the court's findings. The circuit court denied Developer's motion, finding it neither overlooked nor disregarded any material fact or principle of law and additionally supported its decision by finding Developer failed to provide a copy of its motion to alter or amend to the court within ten days of the filing of the motion as prescribed by Rule 59(g), SCRCP.[6] This appeal followed.

## II. STANDARD OF REVIEW [7]

"Whether a party is entitled to a jury trial is a question of law." *Verenes v. Alvanos*, 387 S.C. 11, 15, 690 S.E.2d 771, 772 (2010). Further, "the granting or refusal of a [m]otion to [s]trike ... will not be reversed except for an abuse of discretion or unless the action of the [circuit court] was controlled by an error of law." *Brown v. Coastal States Life Ins. Co.*, 264 S.C. 190, 194–95, 213 S.E.2d 726, 728 (1975). Appellate courts may decide questions of law with no particular deference to the circuit court's findings. *Verenes*, 387 S.C. at 15, 690 S.E.2d at 772–73.

---

6. Rule 59(g), SCRCP, states, "A party filing a written motion under this rule shall provide a copy of the motion to the judge within ten (10) days after the filing of the motion."

7. The parties disagree on the appropriate standard of review for this appeal. Homeowners state this court must apply two separate standards of review based upon "the nature of the rulings included in the [c]ircuit [c]ourt's denial of [Developer's] motion." First, Homeowners assert the determination of the arbitrability of their claims is subject to de novo review. Second, Homeowners assert the circuit court's rulings regarding mode of trial and Developer's motion to strike are subject to an abuse of discretion standard of review. While Developer did not include a standard of review in its initial brief, Developer argues in its reply brief that the appropriate scope of review for the entire appeal is de novo because the jury trial and class action issues are questions of law. We are aware the circuit court raised the unconscionability of the arbitration provision as an additional sustaining ground in its order; however, the court specifically noted "[Developer's] motion is not one to compel arbitration." Reviewing the order and the underlying purpose of Developer's motion, we find the issues before this court are the enforcement of a jury trial waiver and a class action waiver, which we find to be questions of law subject to de novo review.

## III. LAW/ANALYSIS

Developer contends the circuit court erred in failing to enforce the jury trial and class action waivers in the Master Deed when the court denied its motion for a nonjury trial and its motion to strike Homeowners' class action allegations. Developer raises the following arguments in support of its position: (1) its motion was timely; (2) the Master Deed could not be amended retroactively to remove the waivers at issue; (3) the waivers are enforceable under South Carolina law; and (4) Developer's election not to arbitrate did not waive its right to seek a nonjury trial. We address each argument in turn.

### A. Timeliness

■ As an initial matter, we address Developer's timeliness argument because Homeowners contend Developer's failure to timely file its motion is a procedural bar to reviewing Developer's appeal. We find Developer's motion was timely.

The circuit court denied Developer's motion based in part upon its conclusion that Developer failed to timely raise the jury trial and class action issues "at the first opportunity" as required by *Foggie v. CSX Transportation, Inc.*, 313 S.C. 98, 431 S.E.2d 587 (1993). Although we do not disagree with the requirement to timely raise these issues, we find the circuit court misconstrued the "first opportunity" requirement as set forth in *Foggie*.

In *Foggie*, CSX Transportation argued—among other issues—that an award of damages under a certain statute was within the equity jurisdiction of the court and not proper for jury consideration absent a waiver of jurisdiction. *Id.* at 23, 431 S.E.2d at 590. Our supreme court found the issue of improper jurisdiction was raised for the first time on appeal and determined the issue was more properly framed as a question of the mode of trial. *Id.* In so finding, the supreme court stated that "[i]ssues regarding mode of trial must be raised in the trial court at the first opportunity, and the order of the trial judge is immediately appealable." *Id.* Because CSX never raised this issue to the circuit court, the supreme court held the issue could not be raised on appeal. *Id.*

Subsequent cases have expounded on the supreme court's holding in *Foggie* as it relates to the first opportunity require-

ment. In *Lester v. Dawson*, our supreme court held a client's failure to timely appeal an order designating his case as nonjury in an attorney's fees collection matter barred his appeal. 327 S.C. 263, 266, 491 S.E.2d 240, 241 (1997). Prior to trial, the client moved for a jury trial on two separate occasions, and the circuit court denied the client's motions, resulting in the case being placed on the nonjury roster. *Id.* at 265, 491 S.E.2d at 241. The client did not appeal the circuit court's ruling at that time, but he renewed his motion during the bench trial, which the court denied. *Id.* Following trial, the court denied the client's motion for reconsideration in which he argued the court improperly denied his renewed motion for a jury trial. *Id.* Citing to *Foggie*, our supreme court stated that orders affecting the mode of trial affect substantial rights under our appellate jurisdiction statute and, therefore, must be appealed immediately. *Id.* at 266, 491 S.E.2d at 241. The client's failure to do so precluded the supreme court's review of the issue on appeal. *Id.*

Later, in *Frampton v. South Carolina Department of Transportation*, this court addressed whether the department of transportation waived its right to appeal the circuit court's denial of the department's motion to transfer the case to the nonjury docket by not immediately appealing the circuit court's initial order denying the department's motion. 406 S.C. 377, 385–86, 752 S.E.2d 269, 274 (Ct. App. 2013). Citing again to *Foggie*, the court concluded the department failed to preserve the issue for appeal because it did not immediately appeal the circuit court's order affecting the mode of trial, which the court reiterated was a substantial right. *Id.* at 386, 752 S.E.2d at 274.

Our reading of *Foggie* and the foregoing cases leads this court to the inescapable conclusion that the first opportunity requirement deals with preserving a mode of trial issue for appellate consideration, rather than raising the issue prior to a responsive pleading for it to be properly considered by the circuit court. As a result, we find Developer raised the issues regarding mode of trial at the first opportunity—as required under *Foggie*—when Developer timely appealed the circuit court's order denying its request for a nonjury trial. We believe this was the purpose behind the first opportunity requirements espoused in *Foggie*. *See Shah v. Richland Mem.*

*Hosp.*, 350 S.C. 139, 152, 564 S.E.2d 681, 688 (Ct. App. 2002) (reiterating that orders concerning the mode of trial affect substantial rights and holding that when a party fails to immediately appeal an order designating a case as a nonjury matter, it acts as a waiver of the right to appeal that issue).

We also note that pleadings are to be liberally construed, and the purpose of raising mode of trial issues at the earliest opportunity is to place the opposing party on notice of the issues at stake in the case. *See Shirley's Iron Works, Inc. v. City of Union*, 403 S.C. 560, 573–74, 743 S.E.2d 778, 785 (2013) ("Pleadings are to be liberally construed 'to do substantial justice to all parties.' It is elementary that the principal purpose of pleadings is to inform the pleader's adversary of legal and factual positions which he will be required to meet on trial." (internal citation omitted) (quoting *Quality Towing, Inc. v. City of Myrtle Beach*, 340 S.C. 29, 33, 530 S.E.2d 369, 371 (2000); *S.C. Nat'l Bank v. Joyner*, 289 S.C. 382, 387, 346 S.E.2d 329, 332 (Ct. App. 1986))); *see also Langston v. Niles*, 265 S.C. 445, 455, 219 S.E.2d 829, 833 (1975) ("The purpose of pleadings is to place the adversary on notice as to what the issues are."). In this instance, we conclude that Homeowners were on notice of Developer's position because Homeowners attempted to amend the Master Deed to remove the jury trial and class action provisions only *after* receiving DDC Construction's answer to the initial complaint.

In addition, DDC Construction—the first defendant to answer Homeowners' complaint—generally denied the class action allegations [8] and the jury trial demand [9] in its initial answer. DDC also reserved the right to supplement its pleadings with additional defenses at that time. Further, in its answer to Homeowners' amended complaint, DDC asserted that "[Homeowners'] claims should be dismissed because of disclaimers and other defenses specifically provided in the Master Deed."

---

8. In its answer, DDC "specifically denie[d] any class is proper" and "oppose[d] the certification of a class in this matter."

9. DDC "denie[d] that [Homeowners were] entitled to any of the relief sought in the WHEREFORE clause." Homeowners' "WHEREFORE" clause stated as follows: "WHEREFORE, Plaintiffs demand a trial by jury and pray actual and consequential damages...."

We recognize this was not a case in which only one responsive pleading was required. Rather, Homeowners added numerous defendants over the course of almost twenty months. Whereas the first defendant, DDC Construction, generally denied Homeowners' rights to a jury trial and class action, the last defendant added by Homeowners, Highway One Construction, *specifically* denied the class action allegations and Homeowners' jury trial demand in its initial answer.[10] Highway One Construction filed its answer less than one month after it was added as a defendant, which we find clearly to be timely. Under these circumstances, we believe that a liberal construction of the defendants' answers—both individually and collectively—results in "substantial justice to all parties," and their answers and amended answers sufficiently placed Homeowners on notice that they opposed Homeowners' right to proceed as a class in a jury trial. *See Shirley's Iron Works*, 403 S.C. at 573–74, 743 S.E.2d at 785.

We also disagree with Homeowners' contention that Developer failed to appropriately raise the mode of trial issues at the "first opportunity" as required by the South Carolina Rules of Civil Procedure. Homeowners note that Developer moved—in part—pursuant to Rule 12(f), SCRCP. According to Rule 12(f), SCRCP, a party must submit a motion to strike before responding to a pleading or within thirty days following the service of a pleading if no response is required.

However, Developer also supported its motion pursuant to Rules 23(d)(1),[11] 38, and 39, SCRCP. Considering the relief

---

10. As to the class action allegations, Highway One Construction asserted, "Defendant denies the allegations in Paragraphs 71 through 80 as they relate to it and opposes the certification of a class in this matter. Answering further, Defendant states that Plaintiffs and all putative class members have waived their right to proceed as a class in this matter." As to the jury trial request, Highway One Construction stated, "Plaintiffs have waived their right to a jury trial. Plaintiffs and all putative class members have waived their right to proceed [with] the class action mode of trial."

11. Rule 23(d)(1), SCRCP, states,

In the conduct of actions to which this rule applies, the court may make appropriate orders: (1) As soon as practicable, after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained. An order under

sought and the nature of the court's rulings, we find Rules 38 and 39, SCRCP, to be controlling regarding timeliness. Under Rule 39(a), SCRCP, if a party requests a jury trial pursuant to Rule 38, "[t]he trial of all issues so demanded shall be by jury, unless ... (2) the court upon motion or its own initiative finds that a right of trial by jury of some or all of those issues does not exist." Nowhere in the plain language of Rule 39(a) is a party required to move for a nonjury trial prior to a responsive pleading. Furthermore, when read in conjunction with Rule 38, SCRCP, we find it would be inconsistent to permit a party to move for a jury trial as late as ten days after the service of the last pleading, yet require a party to move for a nonjury trial prior to the first responsive pleading. *See* Rule 38(b), SCRCP ("Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue."). Based upon all of the foregoing and when liberally construing the pleadings in favor of Developer, we find Developer asserted these issues in a timely manner. *See Pittman v. Galloway*, 281 S.C. 70, 73, 313 S.E.2d 632, 634 (Ct. App. 1984) ("It is fundamental that pleadings must be liberally construed in favor of the pleader.").

### B. Amendment of Master Deed

■ Developer next contends the circuit court erred in holding Homeowners properly amended the Master Deed to remove the jury trial and class action waiver provisions. Developer also claims that, contrary to the circuit court's finding, it timely challenged the Second Amendment to the Master Deed. We agree.

Because Homeowners claim Developer's failure to object to the amendment prior to the circuit court's order precludes review of this issue on appeal, we first address the timeliness of the challenge to the Second Amendment. In its order

this subdivision may be conditional, and may be altered or amended before the decision on the merits.
Neither party argues Rule 23 controls the timing of this motion.

denying Developer's motion to strike, the circuit court held the following:

> The Master Deed, via its Second Amendment, contains neither of these alleged waivers, and Defendants do not challenge the Second Amendment's validity. Accordingly, Defendants' Motion is procedurally precluded—Defendants failed to challenge the validity of the Second Amendment deleting the alleged waivers from the Master Deed, and thus, Defendants cannot maintain an argument as to the effectiveness of such waivers.

Reviewing the record, we conclude the court's finding on this issue is incorrect and unsupported by the evidence. First, counsel for Developer expressly raised this issue at the motion to strike hearing. Counsel acknowledged Homeowners' position regarding the Second Amendment, stating, "[T]he opposition spent some time talking about whether we have the right to challenge the [Second Amendment] or not. At this point[,] we're not challenging the amendment as it might apply prospectively to other people. We're simply challenging it as it applies to our client." Further, Developer's proposed order granting the motion to strike, submitted to the circuit court upon request and included in the record on appeal, specifically addressed the validity of the Second Amendment. Therefore, we find Developer clearly raised this argument to the circuit court. Having found this issue was properly raised, we next address whether the circuit court erred in concluding Homeowners' Second Amendment to the Master Deed applied to Developer.

■ Homeowners amended the Master Deed to remove these waivers more than six months after filing their initial complaint and just over one week after filing their first amended complaint. Neither party contests that Homeowners' actions were taken in anticipation of litigation. As discussed in Part IV.C., *infra*, we find Homeowners knowingly, voluntarily, and intelligently waived their rights to a jury trial and to a class action when they signed the deeds to their condominiums. To that end, we disagree with the circuit court's conclusion that Homeowners' amendments could apply retroactively to remove these otherwise agreed-upon waivers because these amendments would effectively be "substituting a new obli-

gation for the original bargain of the covenanting parties." *See generally Armstrong v. Ledges Homeowners Ass'n, Inc.*, 360 N.C. 547, 633 S.E.2d 78, 87 (2006) (citing to several other jurisdictions that employ a reasonableness standard when reviewing amendments to covenants and holding "a provision authorizing a homeowners' association to amend a declaration of covenants does not permit amendments of unlimited scope; rather, every amendment must be *reasonable* in light of the contracting parties' original intent").

The circuit court cites several cases dealing with amendments to declarations of covenants for the proposition that an amendment to a master deed can apply retroactively to restrict the rights of a developer. We find these cases are not controlling as to the resolution of this issue and, therefore, find the circuit court improperly relied upon them in rendering its decision. *See Queens Grant II Horizontal Prop. Regime v. Greenwood Dev. Corp.*, 368 S.C. 342, 368–69, 628 S.E.2d 902, 915, 917 (Ct. App. 2006) (finding developer's amendment to a declaration of covenants to increase maintenance assessments was enforceable against *new purchasers* of condominium units where new owners had notice of covenants and there was no claim new covenants were indefinite, contravened public policy, or were unreasonable); *Apple II Condo. Ass'n v. Worth Bank & Tr. Co.*, 277 Ill.App.3d 345, 213 Ill.Dec. 463, 659 N.E.2d 93, 99 (1995) (approving amendment in a condominium unit's *declaration of covenants* regarding a leasing restriction and finding amendment applied to *current owners* of condominiums); *Crest Builders, Inc. v. Willow Falls Improvement Ass'n*, 74 Ill.App.3d 420, 30 Ill.Dec. 452, 393 N.E.2d 107, 110 (1979) (finding temporary injunction was improperly granted to a developer and homeowners' association validly amended its declaration of covenants to prohibit the developer from advertising on the property); *Frantz v. Piccadilly Place Condo. Ass'n*, 278 Ga. 103, 597 S.E.2d 354, 356–57 (2004) (holding statute and amended declaration authorizing condominium association to suspend utilities for unpaid judgments was properly applied against a unit owner and explaining any "alleged retroactivity" of the amendment was proper based upon the contractual relationship between the association and the unit owner).

Regarding the remainder of the cases cited by the circuit court, we find those cases readily distinguishable because they

neither deal with amendments to condominium declarations nor to master deeds. *See Fort Sumter Tours, Inc. v. Babbitt,* 66 F.3d 1324, 1331–32 (4th Cir. 1995) (addressing the validity of a contractual provision between a transportation provider and the national park service and allowing for the readjustment of franchise fees without modifying the contract); *Easterby–Thackston, Inc. v. Chrysler Corp.,* 477 F.Supp. 954, 956 (D.S.C. 1979) (determining that South Carolina's Regulation of Manufacturers, Distributors, and Dealers Act did not apply retroactively to a particular dealership contract); *Wayburn v. Smith,* 270 S.C. 38, 41–42, 239 S.E.2d 890, 892 (1977) (construing a deed as a whole by ascertaining grantor's intent when the granting clause indicated the conveyance of a life estate of the property but the habendum clause indicated conveyance in fee simple).[12] Furthermore, we are unaware of any authority in this state that would permit contracting parties, such as Developer and Homeowners, to unilaterally alter agreed upon provisions once litigation has commenced. We conclude that permitting an amendment to a master deed to nullify prior actions when those actions eventually become unfavorable to one of the contracting parties is against the weight of authority. *See Ellis v. Taylor,* 316 S.C. 245, 248, 449 S.E.2d 487, 488 (1994) ("The court's duty is to enforce the contract made by the parties regardless of its wisdom or folly, apparent unreasonableness, or the parties' failure to guard their rights carefully."). Accordingly, we find the circuit court erred in finding Homeowners could retroactively amend the Master Deed once litigation commenced between the parties.

## C. Enforceability of Waivers

■ Developer claims the waivers are enforceable, and the circuit court erroneously concluded Homeowners did not

---

12. Developer also contends Homeowners' amendments to the Master Deed were ineffective because Homeowners failed to obtain the required permission of mortgage holders and other "bound parties" such as Developer. We decline to address these issues based on our conclusion, *infra,* that Homeowners voluntarily and knowingly waived their rights to a jury trial and rights to proceed as a class when they signed the deeds to their condominium units. *See Futch v. McAllister Towing of Georgetown, Inc.,* 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (noting an appellate court need not address appellant's remaining issues when its determination of a prior issue is dispositive).

knowingly and voluntarily waive their rights to a jury trial and to proceed as a class. We agree.

"A party may waive the right to a jury trial by contract." *Beach Co. v. Twillman, Ltd.*, 351 S.C. 56, 63, 566 S.E.2d 863, 866 (Ct. App. 2002). However, although the right to a trial by jury is a substantial right, and we "strictly construe" such waivers, *id.* at 64, 566 S.E.2d at 866, "[a] person who signs a contract or other written document cannot avoid the effect of the document by claiming that he did not read it." *Regions Bank v. Schmauch*, 354 S.C. 648, 663, 582 S.E.2d 432, 440 (Ct. App. 2003). Instead, when a person signs a document, he is responsible for exercising reasonable care to protect himself by reading the document and making sure of its contents. *Id.* at 663–64, 582 S.E.2d at 440.

The circuit court found Homeowners should not be bound by the waivers in the Master Deed because the POA was controlled by Developer at its creation and, thus, Homeowners had no way to voluntarily relinquish their rights. We disagree. The terms of the Master Deed were expressly incorporated into each unit owner's purchase contract. By signing the purchase contract at closing, each homeowner was charged with having read the Master Deed's contents. Further, the Master Deed was also incorporated into the bylaws of the POA, which were available to all unit owners prior to purchasing their units. We note that each unit owner was also represented by counsel at his or her real estate closing so that any questions regarding the meaning or applicability of these waivers could have been addressed prior to closing. Even if Homeowners were unaware of the inclusion of these waiver provisions, we find they cannot avoid the effects of the waivers merely by arguing they were unaware that such provisions were included in the deed. *See Wachovia Bank v. Blackburn*, 407 S.C. 321, 333, 755 S.E.2d 437, 443 (2014) (finding mortgagees' failure to be aware of a jury trial waiver clause in their note and guaranty did not preclude the waiver from being enforceable when mortgagees signed the note and guaranty).

Further, we find the waiver provisions were conspicuous and unambiguous. In this case, the jury trial waiver comprised the last two pages of the deed and was expressly captioned as "**Waiver of Jury Trial**." In addition, the substance of the

waiver is printed in all bold capital letters on the last page of the Master Deed. The language waiving Homeowners' rights to a jury trial and to proceed as a class was also unambiguous:

(i) NEITHER CO-OWNER NOR ANY ASSIGNEE ... SHALL SEEK A JURY TRIAL IN ANY LAWSUIT ... ARISING FROM OR BASED UPON THE MATTERS SET FORTH HEREUNDER, OR TO THE DEALINGS OR RELATIONSHIP BETWEEN OR AMONG THE GRANTOR, ITS AGENTS, ... AND THE CO-OWNERS OR THE ASSOCIATION, INCLUDING WITHOUT LIMITATION WAIVER OF ANY TYPE OF CLASS ACTION SUIT[.]

■ We disagree with the circuit court's conclusion that the waivers were unconscionable because the waivers attempted to disclaim Developer's liability and unconscionably restricted Homeowner's right to bring suit. A review of the waiver reveals no language containing any limitation on liability or the right to bring a legal action. Rather, the waiver mutually waives Homeowners *and* Developer's rights to a jury trial and class action lawsuit. Without a showing that the waiver is oppressive and contains one-sided terms, we disagree with the circuit court's ruling on this issue. *See Fanning v. Fritz's Pontiac–Cadillac–Buick, Inc.,* 322 S.C. 399, 402, 472 S.E.2d 242, 245 (1996) (stating unconscionability is the "absence of meaningful choice on part of one party due to one-sided contract provisions, together with terms which are so oppressive that no reasonable person would make them and no fair and honest person would accept them"); *cf. Simpson v. MSA of Myrtle Beach, Inc.,* 373 S.C. 14, 34, 644 S.E.2d 663, 673–74 (2007) (finding an arbitration clause in a vehicle trade-in contract between an automobile dealership and its customer was unconscionable and unenforceable because the customer lacked business judgment, had no attorney to assist her, was "hastily" presented with the contract by the dealer for her signature, and the arbitration clause's limitation on remedies was oppressive and one-sided). Because we find Homeowners knowingly and voluntarily waived these rights, and these rights were conspicuously and unambiguously set forth in the Master Deed, we reverse the circuit court and find the waivers are enforceable. *See Blackburn,* 407 S.C. at 333 n.8, 755 S.E.2d at 443 n.8 (finding jury trial waivers were conspicuous and

unambiguous when waivers were printed in all capital letters, had a bold heading titled **"WAIVER OF JURY TRIAL,"** and were located at the end of a six-page document).

### D. Election Not to Arbitrate

 Last, Developer contends the circuit court committed reversible error when it concluded that Developer waived its right to a nonjury trial and to proceed without a class because Developer elected not to arbitrate. We agree.

The circuit court cites to numerous actions taken by Developer in support of its conclusion that Developer waived its right to arbitrate—and, therefore, its rights to a nonjury trial and to proceed without a class—including the following: (1) participating in numerous depositions, (2) taking homeowner and board member depositions, (3) filing cross-claims against other defendants, (4) filing motions, and (5) otherwise actively litigating this case. Regardless of these actions, we find that Developer's decision to request a bench trial is wholly unrelated to its decision not to arbitrate. Although the arbitration and jury trial waiver provisions are located within the section of the Master Deed titled, "Alternative Dispute Resolution," the jury trial and class action waivers in subsection D are completely separate and distinct from the arbitration provision found in subsection B. Based upon our review of the Master Deed, we find Developer's inclusion of both of these subsections within the overarching alternative dispute resolution section was intended to afford the option to either arbitrate or seek a nonjury trial.

Further, language in the "Waiver of Jury Trial" subsection supports this conclusion. Specifically, we find the Master Deed contemplated litigation outside of the arbitration context by prohibiting either an owner or grantor from seeking a jury trial in "any lawsuit, proceeding, or any other litigation procedure." Construing the jury trial waiver and the arbitration provisions as mutually exclusive renders the jury trial waiver superfluous because all arbitration proceedings are without a jury. *See Stevens Aviation, Inc. v. DynCorp Int'l LLC*, 407 S.C. 407, 417, 756 S.E.2d 148, 153 (2014) ("[A]n interpretation that gives meaning to all parts of the contract is preferable to one which renders provisions in the contract meaningless or

superfluous." (quoting *Crown Laundry & Dry Cleaners, Inc. v. United States*, 29 Fed.Cl. 506, 515 (1993))). Because we find Developer could logically pursue its right to a nonjury trial and to proceed without a class while declining to exercise its right to arbitrate, we disagree with the circuit court's conclusion on this issue.

## IV. CONCLUSION

Based on the foregoing, we find the circuit court erred in denying Developer's motion for a nonjury trial and to strike Homeowners' class action allegations. Accordingly, the circuit court's decision is

**REVERSED AND REMANDED.**

LOCKEMY, C.J., and GEATHERS, J., concur.

